UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORI S. MASLOW, in her capacity as Democratic State
Committee Female Member and Assembly District
Leader from the 41st Assembly District, as a member of
the Executive Committee of the Kings County         **COMPLAINT**
Democratic County Committee, and as a Female
Member of the Kings County Democratic County
Committee from the 18th Election District of the 41st
Assembly District; KINGS COUNTY DEMOCRATIC        DOCKET NO.
COUNTY COMMITTEE; EXECUTIVE COMMITTEE
OF THE KINGS COUNTY DEMOCRATIC COUNTY
COMMITTEE; BENJAMIN C. STEINBERG, as a Male
Member of the Kings County Democratic County
Committee elected to such position for the 47th Election
District of the 41st Assembly District by the Executive
Committee of the Kings County Democratic County
Committee; MARJORIE COHEN, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 70th Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;
WILLA M. WILLIS JOHNSON, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 42nd Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;

Plaintiffs,

-against-

ANDREW M. CUOMO, in his capacity as Governor of
the State of New York; and LETICIA JAMES, in her
capacity as Attorney General of the State of New York
New York State Attorney General,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

     Plaintiffs, by their attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato,

Ferrara, Wolf, & Carone, LLP, allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiffs bring this action under the First and Fourteenth Amendments to the United States Constitution because New York State law, as applied by a State Court Justice mandating Plaintiff Kings County Democratic County Committee to hold an organizational meeting virtually by December 17, 2020, violates the rights of the Plaintiffs to determine the boundaries of their own association, the right to choose the structure which best allows them to pursue their political goals, restricts and limits their discretion in how to organize themselves, conduct their affairs, and select their officers, and infringes upon the party's right to free association.

2.      Plaintiffs are entitled to declaratory and injunctive relief to prevent the violation of rights and guarantees afforded them under the United States Constitution.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1343 over claims arising under the First Fourteenth Amendments to the United States Constitution which seek to redress the deprivation, under color of state law, or rights, privileges and immunities secured by said Amendments. This Court also has jurisdiction pursuant 28 U.S.C. § 1331, as this action arises under the laws of the United States.

4.      Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the authority to grant declaratory and injunctive relief.

5.      Pursuant to 52 U.S.C. § 10310(e), this Court has authority to award costs and attorneys' fees.

6.     All of the Plaintiffs reside or are located in the district of this Court and this Court has personal jurisdiction over Defendants, all of whom reside and conduct their official business in the State of New York.

7.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims brought by Plaintiffs have occurred in this district and because the Plaintiffs reside or are located in the district.

## PARTIES

8.     Plaintiff Lori S. Maslow is the Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, is a member of the Executive Committee of the Kings County Democratic County Committee, and is a Female Member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District.  As the Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, Lori S. Maslow plays a substantial role in directing the internal workings of the Democratic Party in her Assembly District, such as (1) recruiting members to serve on the County Committee from within her Assembly District, (2) advocating Democratic Party positions to elected public officials, (3) endorsing candidates for President, United States Senator, City Council, State Assembly, State Senate, Representative in Congress, Civil Court Judge, and State Supreme Court Justice, (4) recruiting candidates for local public offices, (5) helping raise contributions for Democratic Party candidates, (6) urging young people to register to vote to enroll as Democrats, (7) engaging in activities of a charitable nature and persuading others to do so on behalf of the Democratic Party, such as the Toys for Tots initiative and assisting at the distribution of food to those who have lost jobs due to the Covid-19 pandemic, (8) helping maintain a Democratic Party clubhouse in her Assembly District, (9)

working together with her male counterpart member of the State Committee and Assembly District Leader, (10) recommending the appointment of Democratic Party representatives as poll workers at elections, (11) representing Democrats in her Assembly District at State Committee meetings, and (12) working together with the Kings County Democratic Party leadership, the other State Committee members and Assembly District Leaders, and County Committee members to perform all of the foregoing.

9.      Plaintiff Kings County Democratic County Committee ("KCDCC") is a political organization that represents Democrats from every corner of the borough of Kings County in the City of New York, State of New York.  The affairs of the Kings County Democratic Party are governed by the Rules for the Government of the Kings County Democratic County Committee. Until the events described below took place, the said Rules provided that there shall be either one male and one female, or two males and two females, as members of the KCDCC for each Election District in Kings County.

10.      Plaintiff Executive Committee of the Kings County Democratic County Committee ("Executive Committee") is a political committee which determines the affairs of the Kings County Democratic Party when the KCDCC is not in session.  It is comprised of the two State Committee members (also known as Assembly District Leaders) elected from within each Assembly District in Kings County.  Its creation is provided for in the Rules for the Government of the Kings County Democratic County Committee.  The Executive Committee is a committee authorized to amend the Rules for the Government of the Kings County Democratic County Committee pursuant to Article X of said Rules.

11.      Plaintiff Benjamin C. Steinberg is a Male Member of the Kings County Democratic County Committee elected to such position for the 47th Election District of the 41st

Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

12. Plaintiff Marjorie Cohen is a Female Member of the Kings County Democratic County Committee elected to such position for the 70th Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

13. Plaintiff Willa M. Willis Johnson is a Female Member of the Kings County Democratic County Committee elected to such position for the 42nd Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

14. Defendant Andrew M. Cuomo is the duly elected Governor of the State of New York -- the Chief Executive of the State of New York charged with enforcement of the Laws of the state of New York and the Constitution of the State of New York, as well as the enforcement of rights and privileges guaranteed by the United States Constitution and guaranteed to the States and its citizens through the Fourteenth Amendment of the United States Constitution.

15. Defendant Leticia James is the Attorney General of the State of New York -- the chief legal officer of the State of New York charged with defending actions and proceedings brought against the State of New York and the Chief Executive of the State of New York.

[Intentionally Left Blank]

# BACKGROUND

### *KCDCC's Rule Amendment*

16.     On March 12, 2020, Governor Andrew M. Cuomo issued the first of what would become many and numerous COVID-19 related Executive Orders which limit the number of individuals who could gather in one location.[1]

17.     As a result of the Covid-19 pandemic and the Governor's Executive Orders ("EO's") which prevented the gathering of large bodies, KCDCC, through its Executive Committee acting on September 28, 2020, adopted an amendment to the Rules for the Government of the Kings County Democratic County Committee ("the Rules").

18.     Article III of the Rules was amended to add a new section (§7) to deal with "Emergency Provisions during COVID-19 Pandemic." *See* Exhibit 1 (KCDCC Rules with Adopted Rule Amendments). The new section ("the Amendment") provides that the Chair of the Executive Committee "shall not convene any meeting of the County Committee, in which voting may occur, via teleconference of video teleconference to prevent the disenfranchisement of members of limited economic means and/or without access to the internet or smart phone technology." *Id*. at §7(D). The Amendment also contains two sunset provisions. One provision directs a meeting "be held in a public physical setting within 45 days after the Governor or the Mayor of the City of New York authorize public gatherings in excess of 500 persons" (*id*. at §7(E)) and the other provision provides for the expiration of the Amendment upon "the earlier of the public declaration that the COVID-19 pandemic has ended or the legal authorization for

---

[1] Executive Order 202.1, issued on March 12, 2020 limited gathering or events that anticipated to be few than five hundred people to 50% occupancy and Executive Order 202.3, issued on March 16, 2020, which modified EO 202.1 to provide that "any large gathering or event . . . shall be cancelled or postponed if more than fifty persons are expected in attendance, at any location in New York State until further notice."

public meetings in excess of two thousand (2000) attendees to be convened within the city of New York" (*id*. at §7(I)).

19.     In addition to the sunset provisions, the Amendment also provides for "the members of the County Committee elected or deemed elected at the primary election held on June 23, 2020 . . . be deemed seated and authorized to act as of the date of such organization or at midnight, October 7, 2020, whichever first occurs." *Id*. at §7(H).

20.     In Kings County, the County Committee roughly consists of 2,200 individuals[2] and its meetings have been regularly attended for decades by roughly 1,000 individuals.

### *State Court Compels KCDCC to Conduct a Virtual County Committee Meeting*

21.     On October 27, 2020, pursuant to an action commenced by individuals elected as members of KCDCC, the New York State Supreme Court for the County of Kings ("State trial court") issued an Order annulling § 7 of KCDCC's Rules Amendment "to the extent that it conflicts with Election Law § 2-112" and ordered KCDCC to conduct a virtual organizational meeting of the County Committee of the KCDCC within forty-five (45) days of service of a copy of the October 27 Order with notice of entry. *See* Exhibit 2, State trial court Order.[3]

22.     On November 3, 2020, KCDCC filed an application for a stay of the State trial court's Order with the New York State Supreme Court Appellate Division for the Second Department ("the State Appellate court") and on November 25, 2020, the State Appellate court denied KCDCC's motion for a stay. *See* Exhibit 3 (State Appellate court Order).

23.     KCDCC argued that by mandating KCDCC to hold an organizational meeting, the lower court's Order violates EO 202.68 (which both continues and further circumscribes prior COVID-19 Executive Orders that placed prohibitions on "non-essential gatherings") as KCDCC

---

[2] *See* https://www.kingscountypolitics.com/bichotte-consolidates-grip-on-bklyn-dem-party/
[3] Although the State trial court caused the decision and Order to be filed twice (NYSCEF Doc. No. 29 and Doc. No. 30), and thus KCDCC filed two Notices of Entry, there is only one decision and Order.

cannot hold a meeting, other than an in-person meeting, without disenfranchising a large proportion of its members who either do not have access to electronic equipment to access a virtual platform and/or do not have the knowledge and/or capability to use a virtual platform. Plaintiff Lori S. Maslow is an individual who would not be able to fully participate virtually due to her physical disabilities. *See* Affirmation of Lori S. Maslow attached and incorporated herein.

24. The State trial court's October 27 Order mandates the occurrence of an option provided by the Chief Executive in EO 202.47 ("any party caucus, party meeting or party convention held pursuant to the Election Law in the year two thousand twenty *may* be held by telephonic or video conferencing means . . . . "). *See* Exhibit 4 (EO 202.47) (emphasis added).

25. The State trial court's October 27 Order declared that "the amendment to Article III of the Rules, § 7 is hereby annulled to the extent that it conflicts with Election Law § 2-112 . . . ." *See* Exhibit 2. Pursuant to the State trial court's Order, KCDCC must hold a virtual organizational meeting by December 17, 2020.

26. KCDCC specifically informed the State court that it was not presenting nor raising any issue before the State court related to KCDCC's "structure[ing]" of its "internal party process" (*New York State Board of Election v. Lopez Torres*, 552 U.S. 196, 203 [2008]) or its "conduct of its internal party affairs" (*Seergy v. Kings Cty. Republican Cty. Comm.*, 459 F.2d 308, 314 [2d Cir. 1972]); and, it was not consenting to the State court's jurisdiction to determine matters not before it (*England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 [1964]).

### *Filling Vacancies and Membership Composition of KCDCC*

27. New York Election Law § 2-118 provides that vacancies in the membership of a party committee may be filled only by the remaining members of that committee.

28.     New York State Election Law § 2-104 contains provisions directing political parties how to structure their county committees.  Said section provides that a county committee shall be constituted by the election of at least two members in each Election District.  There can be not more than two additional members per Election District proportional to the vote for governor.  Also, as set forth in subdivision 2 of that section, "If, pursuant to section one of article thirteen of the constitution, such committee or a state convention of the party shall provide by rule for equal representation of the sexes on such committee, the rules of such committee relative to additional members, either from election districts or at large, shall be formulated and applied in such manner that the whole membership shall consist of an even number, equally divided between the sexes. When any such rule provides for equal representation of the sexes, the designating petitions and primary ballots shall list candidates for such party positions separately by sexes." New York State Election Law § 2-104 (2).

29.     The Rules of the Kings County Democratic County Committee had previously provided for equal membership of males and females, in furtherance of the aforesaid Election Law § 2-104, until said rules were changed as hereinafter described because nonbinary Democrats do not associate as traditionally identified genders of male or female.

30.     The affairs of the Kings County Democratic Party are governed by the Rules for the Government of the Kings County Democratic County Committee.  They can be amended by either the County Committee or the Executive Committee. *See* Exhibit 1 at Article X.

31.     In early August of this year, 2020, Rodneyse Bichotte, as Chair of the Executive Committee of the KCDCC appointed the Kings County Democratic Task Force ("Task Force") on Gender Discrimination and Representation, to review and recommend a rule change because

nonbinary Democrats do not associate as male or female members of the KCDCC. *See* Declaration of Aaron Maslow attached and incorporated herein.

32.     At the Task Force meeting of November 23, 2020, the Task Force adopted a resolution recommending to the Executive Committee of the KCDCC that it adopt a Rules amendment. *Id.*

33.     The proposed rule amendment sought to create at large positions for Democrats, to be filled as vacancies by people without regard to how they identify on the gender spectrum and who need not have to declare a male or female sex designation.  *Id.* It also provided for the Executive Committee's filling of all vacancies in the membership of the Kings County Democratic County Committee existing prior to the time of the organizational meeting of the County Committee. *Id.* The rule amendment invoked the First and Fourteenth Amendment rights of the Kings County Democratic County Committee. *Id.* The rule amendment was sought as temporary, to last until 2022. *Id.* at ¶ 38.

34.     The proposed rule amendment read as follows:

**(1)** Article II [The County Committee: Membership] of the Rules for the Government of the Kings County Democratic County Committee is amended by adding the following §5 to read as follows:

§5.  (a) Notwithstanding anything herein to the contrary in these Rules or in the Election Law, in addition to members representing Election Districts, there shall be four members at large of the County Committee for each Assembly District. Said members at large shall be enrolled Democrats residing within the Assembly District for which they are elected, without regard to how they identify on the gender spectrum and who need not have to declare a male or female sex designation.  Such membership positions shall be treated as vacancies as of the date that this section is enacted.

(b) Each member at large of the County Committee shall be entitled to cast one vote at any meeting of the County Committee, at any meeting of the Assembly District Committee of the Assembly District which such member at large represents, and at any meeting of County Committee members provided for in Article VIII, Section 5, Subdivision (b) of these Rules when the Assembly District

which said member at large represents contains at least one Election District within the respective political subdivision.

(c) This section shall expire, and the terms of office of the members at large provided for herein shall terminate, at the commencement of the organizational meeting of the County Committee members elected in the year 2022.

**(2)** Article II [The County Committee: Membership] of the Rules for the Government of the Kings County Democratic County Committee is amended by adding the following §3a to read as follows:

§3a. (a) Notwithstanding anything herein to the contrary in these Rules or in the Election Law, vacancies in the membership of the County Committee existing prior to the time of the organizational meeting of the County Committee shall be filled for the unexpired term by the Executive Committee. Nominations to fill such vacancies shall be made in writing by either of the following methods: (i) upon a majority vote of the Assembly District Committee in and for the Assembly District wherein such vacancy occurs, upon certification by the Chairperson and Secretary of the said Assembly District Committee, (ii) upon the written nomination of five members of the County Committee elected from Election Districts within the Assembly District wherein such vacancy occurs, or (iii) upon the written nomination of a State Committee member elected from the Assembly District wherein such vacancy occurs. Said written nominations shall be submitted to a person at a location and address, by a date and time certain, designated by the Chair of the Executive Committee.

(b) This section shall expire at the commencement of the organizational meeting of the County Committee members elected in the year 2022.

**(3)** In enacting the within provisions, the Kings County Democratic County Committee relies on its rights guaranteed by the First and Fourteenth Amendments to the United States Constitution, including but not limited to those explicated in decisions of the United States Supreme Court holding that a political party possesses a right to limit its membership as it wishes, *New York State Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 202 (2008); a right to structure its internal party processes, *id*. at 203; the freedom to identify the people who constitute its associating members, *Democratic Party of United States v. Wisconsin ex rel. La Follette*, 450 U.S. 107, 122 (1981); the freedom to join together in furtherance of common political beliefs and the right to broaden the base of public participation in and support for its activities, *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 214 (1986); and the right to determine the boundaries of its own association and the right to choose the structure which best allows it to pursue its political goals, *id*. at 224. Restrictions limiting a political party's discretion in how to organize itself, conduct it affairs, and select its officers infringes upon the party's right to free association. *Eu v. San Francisco County Democratic Central Committee*, 489 U.S. 214 (1989).

35.     The provision regarding the filling of all vacancies by the Executive Committee was designed to elicit maximum support. *See* Declaration of Aaron Maslow at ¶ 39. There might be members who would not support the filling of vacancies by the Executive Committee for only one class (at large) of County Committee members. *Id*. To ensure that nonbinary Democrats could participate at the County Committee organizational meeting, the provision for filling of all vacancies was included. *Id.* Due to Governor Cuomo's Executive Order stopping petitioning in March due to the onset of Covid-19, many people who were petitioning for County Committee had been forced to stop and they were unable to submit valid petitions with the minimum number of signatures. *Id.* The Task Force believed that its members and Executive Committee members would be sympathetic to having many Democrats elected to fill vacancies prior to the County Committee organizational meeting, and thus they could actually participate in it instead of waiting for another meeting to begin participating. *Id.* Maximum participation at the Executive Committee was the goal. *Id.* The positions -- except for the at large ones -- had existed prior to the Primary Election and now more people could fill them. *Id.*

36.     The process for nominating Democrats to fill vacancies would be in the same manner as already in the Party's Rules -- by an Assembly District Committee or five members already elected signing a nominating form -- but to minimize exposure to others and avoid five members getting together and touching the same piece of paper due to the virus, a provision was added to the proposal that nominations could be signed by just a State Committee member for the respective Assembly District. *Id.* at ¶ 40. This was part of the proposed rule amendment brought before the Task Force. *Id.*

37.     As stated by the Task Force Chair, this process would entail filling a vacancy as any other vacancy. *Id*. at ¶ 41. The problem is the Election District positions are designated right

now for males and females. *Id*. Vacant Election District positions are thus also designated as male and female. *Id*. The change was deemed necessary so that everybody could participate, for the next two years. *Id*.

38.     Following the adoption by the Task Force on November 23, 2020 of the resolution for the Executive Committee to amend the party's rules, a meeting notice was issued by County Chair Bichotte on November 24, 2020 for the Executive Committee of the KCDCC to meet on November 29, 2020. *See* Exhibit B to Declaration of Aaron Maslow attached and incorporated herein.

39.     The Executive Committee of the KCDCC met on November 29, 2020.  It adopted the foregoing rule amendment, including the Whereas clauses explaining the reasons for the amendment it was adopting. *See* Declaration of Aaron Maslow at ¶ 44.

40.     On November 30, 2020, County Chair Bichotte issued a meeting notice to the Executive Committee of the County Committee for it to meet on December 2, 2020, for the purpose of filling vacancies in the membership of the Kings County Democratic County Committee existing prior to the time of the County Committee's organizational meeting. *See* Exhibit C to Declaration of Aaron Maslow attached and incorporated herein.

41.     At the December 2, 2020 meeting of the Executive Committee of the KCDCC, said Executive Committee elected approximately 2400 Democrats to fill vacancies in the County Committee membership, and this included noncisgender individuals to fill the newly created at large County Committee positions as well as the other individuals who were elected to fill Election District positions so that all of the elected individuals could participate equally in the party's business. *See* Declaration of Aaron Maslow at ¶ 46.

42.     On December 3, 2020, a certificate of election of Members of the Kings County Democratic County Committee to fill vacancies was filed at 2:19 p.m., at the office of the Board of Elections in the City of New York, at 32 Broadway, 7th floor, in Manhattan, New York, NY. *See* Exhibit D to Declaration of Aaron Maslow attached and incorporated herein.

43.     The Kings County Democratic Party made a determination -- first through the aforementioned Task Force and subsequently by the Executive Committee -- that nonbinary Democrats should be able to serve in the current term of the County Committee, that vacant positions should be created for them, and that all vacancies in the County Committee should be filled prior to its organizational meeting by the Executive Committee so that there can be maximum participation at that meeting. *See* Declaration of Aaron Maslow at ¶ 50. This would benefit the interests of the Kings County Democratic Party in having more inclusive participation in party affairs. *Id*.

44.     On December 3, 2020, eleven individuals commenced an action in State Supreme Court, Kings County (*Stein v. Kings County Democratic County Committee*, and assigned Index No. 524201/20), in which they asserted that pursuant to Election Law § 2-118, vacancies in the County Committee membership must be filled by the remaining members of the County Committee and not by the Executive Committee.

45.     The plaintiffs in *Stein v. Kings County Democratic County Committee* seek to enforce New York Election Law § 2-118's provision that compels a county committee to fill vacancies in its own membership, and in effect prohibits the party's Executive Committee from filling said vacancies, and said plaintiffs seek to nullify the election by the Executive Committee of KCDCC of the approximate 2400 Democrats including (1) the noncisgender individuals elected to fill the newly created at large membership positions, (2) Plaintiffs Benjamin C.

Steinberg, Marjorie Cohen, and Willa M. Willis Johnson, elected for Election Districts, and (3) all other Democrats who were elected to the County Committee on December 2, 2020.

46.     In carrying out its First Amendment right to govern itself, the Executive Committee elected approximately 2400 Democrats to fill vacancies in the County Committee membership, and this included noncisgender individuals to fill the newly created at large County Committee positions as well as the other individuals who were elected to fill Election District positions so that all of the elected individuals could participate equally in the party's business.

47.     The December 2, 2020 rule amendment serves to eliminate a discriminatory application of New York State Election Law §2-104 and specifically provides for the inclusion of noncisgender individuals.

48.     The State application, and the application which the *Stein* plaintiffs seek to impose, amount to an impermissible State infringement upon Plaintiffs' First Amendment rights in violation of the Fourteenth Amendment.

**COUNT I**
**FIRST AND FOURTEENTH AMENDMENT VIOLATION**
**COMPELLING KCDCC TO CONDUCT A VIRTUAL MEETING**

49.     The freedom to associate with others for the common advancement of political beliefs and ideas is a form of orderly group activity that is protected by the First and Fourteenth Amendments. This right constitutes a basic constitutional freedom that is protected from federal encroachment under the First Amendment and is protected from State infringement under the Fourteenth Amendment.

50.     The aforesaid State trial court's Order compelling KCDCC to conduct an organizational meeting in a virtual manner impermissibly infringes upon KCDCC's associational rights.

51.     The State trial court's Order restricts KCDCC's political party discretion to organize itself, conduct its affairs, and select its leaders in violation of KCDCC's associational rights, and to determine that holding meetings in person advances the party's interests much more than does holding a virtual meeting where many cannot participate due to physical disabilities as identified in the attached affirmation of Lori Maslow, or due to economic disadvantages.

52.     The State trial court substituted its judgment for that of KCDCC as to the desirability of a particular internal party structure.

53.     No compelling State interest can be shown. The Governor's Executive Order (EO 202.47) states that a party "may" conduct a meeting by telephonic or video conferencing means. It does not mandate that a meeting be held, nor does it mandate that a meeting be held by such means.

54.     As the United States Supreme Court stated in *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214 (1989) and as the Second Circuit recognized in *Price v. New York State Bd. Of Elections*, 540 F.3d 101 (2d Cir. 2008), "a state does not have a compelling interest in "sav[ing] a political party from pursuing self-destructive acts because the state cannot substitute[e] its judgment for that of the party." (internal quotation marks omitted) (alteration in the original).

55.     Supreme Court jurisprudence dictates that a state may not even direct a political party as to how it engages with non-party members in terms of inviting outsiders to vote in its own primary election.  All the more so, it cannot assert a compelling interest to justify directives that control how a party organizes itself internally. *See Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986).

56.     Unless enjoined by order of this Court, Plaintiffs will be required to comply with the aforesaid State trial court's Order in violation of their rights guaranteed by the First and Fourteenth Amendments to the United States Constitution.

## COUNT II
## FIRST AND FOURTEENTH AMENDMENT VIOLATION
## NO COMPELLING STATE INTEREST FOR INTEREFERENCE IN
## KCDCC'S INTERNAL PARTY MATTERS

57.     The freedom to associate with others for the common advancement of political beliefs and ideas is a form of orderly group activity that is protected by the First and Fourteenth Amendments. This right constitutes a basic constitutional freedom that is protected from federal encroachment under the First Amendment and is protected from State infringement under the Fourteenth Amendment.

58.     Enforcement by the State of New York of Election Law § 2-104 violates the Plaintiffs' First and Fourteenth Amendment rights to determine that non-binary individuals are entitled to serve as KCDCC members alongside individuals identified as traditional male and female sexes.

59.     Enforcement by the State of New York of Election Law § 2-118 violates the Plaintiffs' First and Fourteenth Amendment rights to determine that vacancies in the KCDCC shall be filled by the Executive Committee of KCDCC.

60.     Enforcement by the State of New York of Election Law § 2-104 and § 2-118 violates the rights of the Kings County Democratic Party and Plaintiffs to conduct their internal party governing structure in a manner which it deems best to advance the political interests of the party and its candidates.

61.     Enforcement by the State of New York of Election Law § 2-104 and § 2-118 violates the First and Fourteenth Amendment rights of the Kings County Democratic Party and Plaintiffs to elect nonbinary individuals as at large members of the KCDCC inasmuch as said statutory provisions make no provision for the election of at large members without regard to sex, gender, or gender orientation.

62.     Enforcement by the State of New York of Election Law § 2-104 and § 2-118 violates the First and Fourteenth Amendment rights of the Kings County Democratic Party and Plaintiffs to organize the Democratic Party in Kings County, conduct its affairs, and select its leaders in violation of KCDCC's associational rights.

63.     The State of New York has substituted its judgment for that of Plaintiffs as to the desirability of a particular internal party structure.

64.     No compelling State interest can be shown for the interference by the State of New York in the internal party matters of how the Kings County Democratic Party wishes to organize itself, constitute its County Committee, and fill vacancies in the KCDCC membership.

65.     As the United States Supreme Court stated in *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214 (1989) and as the Second Circuit recognized in *Price v. New York State Bd. Of Elections*, 540 F.3d 1010 (2d Cir. 2008), "a state does not have a compelling interest in "sav[ing] a political party from pursuing self-destructive acts because the state cannot substitute[e] its judgment for that of the party." (internal quotation marks omitted) (alteration in the original).

66.     As the United States Supreme Court stated in *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214, 232-233 (1989), "[A] State cannot substitute its

judgment for that of the party as to the desirability of a particular internal party structure, any more than it can tell a party that its proposed communication to party members is unwise."

67.     Unless the enforcement of New York Election Law § 2-104 and § 2-118 as applied to the Plaintiffs and the Kings County Democratic Party is enjoined by order of this Court, rights guaranteed by the First and Fourteenth Amendments to the United States Constitution will be violated.

## **TEMPORARY RESTRAINING ORDER WARRANTED**

68.     Pursuant to Federal Rule of Civil Procedure 65(a), notice of a request for a Temporary Restraining Order ("TRO") was given to Defendants on December 7, 2020. *See* Exhibit 5.

69.     The notice set forth that Plaintiffs would be asking for an order enjoining the defendants during pendency of this action from compelling Plaintiff KCDCC and Plaintiff Executive Committee of KCDCC to hold an organizational meeting on or before December 17, 2020; and, enjoining the defendants from enforcement of New York Election Law § 2-104 and § 2-118 as applied to the Plaintiffs and the Kings County Democratic Party.

70.     If an organizational meeting of the KCDCC is to take place by December 17, 2020 per the State trial court's Order, the associational rights of the Plaintiffs to have the Democrats – including the noncisgender individuals elected at the December 2, 2020 Executive Committee meeting –will be violated.

71.     If enforcement of Election Law § 2-104 and § 2-118, as applied by the State and as the aforesaid *Stein* plaintiffs are looking to apply the state law, is not stayed, the associational rights of the Plaintiffs will be violated.

72. The appellate court in this Circuit has stated that "[w]here speed is needed, the rules of procedure provide for temporary restraining orders, even without notice, to prevent irreparable harm." *Garcia v. Yonkers School Dist.*, 561 F.3d 97 (2d Cir. 2009), quoting *Standard Microsystems Corp. v. Texas Instruments, Inc.* 916 F.2d 58, 62 (2d Cir. 1990), citing Fed.R.Civ.P. 65.

73. The Second Circuit has also held that allegations of violations of First and Fourteenth Amendment rights to associate with one another as a political party, are commonly considered irreparable injuries for purposes of a preliminary injunction. *Green Party of New York State v. New York State Bd. of Elections*, 267 F.Supp. 2d 342 (E.D.N.Y. 2002), quoting *Bery v. City of New York*, 97 F.3d 689 (2d Cir. 1996).

74. The irreparable harm attendant with the State trial court's Order mandating an organization meeting to be held along with the enforcement of Election Law § 2-104 and § 2-118, as applied by the State and as the aforesaid *Stein* plaintiffs are looking to apply the state law, warrant the imposition of a Temporary Restraining Order to prevent irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment from the Court:

a. Declaring the State trial court's Order unconstitutional as applied insofar as it impermissibly infringes upon KCDCC's associational rights guaranteed by the First and Fourteenth Amendments;

b. Ordering injunctive relief enjoining imposition of the State trial court's Order;

c. Declaring that New York Election Law § 2-104 violates the First and Fourteenth Amendment rights of Plaintiffs as applied to them;

d. Declaring that New York Election Law § 2-118 violates the First and Fourteenth Amendment rights of Plaintiffs as applied to them;

e. Ordering injunctive relief enjoining enforcement of New York Election Law § 2-104 as applied to Plaintiffs;

f. Ordering injunctive relief enjoining enforcement of New York Election Law § 2-118 as applied to Plaintiffs;

g. Retaining jurisdiction to render any and all further orders that this Court may deem appropriate; and

h. Ordering such other relief that this Court may deem just and reasonable.

Dated: December 7, 2020

_____
Amy Marion
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf, & Carone, LLP,
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300