UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORI S. MASLOW, in her capacity as Democratic State
Committee Female Member and Assembly District
Leader from the 41st Assembly District, as a member of
the Executive Committee of the Kings County
Democratic County Committee, and as a Female
Member of the Kings County Democratic County
Committee from the 18th Election District of the 41st
Assembly District; KINGS COUNTY DEMOCRATIC
COUNTY COMMITTEE; EXECUTIVE COMMITTEE
OF THE KINGS COUNTY DEMOCRATIC COUNTY
COMMITTEE; BENJAMIN C. STEINBERG, as a Male
Member of the Kings County Democratic County
Committee elected to such position for the 47th Election
District of the 41st Assembly District by the Executive
Committee of the Kings County Democratic County
Committee; MARJORIE COHEN, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 70th Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;
WILLA M. WILLIS JOHNSON, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 42nd Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;

**AFFIRMATION OF
AMY B. MARION, ESQ.
IN SUPPORT OF A
TEMPORARY
RESTRAINING ORDER**

**DOCKET NO. 05934-CV-2020**

Plaintiffs,

-against-

ANDREW M. CUOMO, in his capacity as Governor of
the State of New York; and LETITIA JAMES, in her
capacity as Attorney General of the State of New York
New York State Attorney General,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Amy B. Marion, an attorney duly admitted to practice law before the Courts of the State of

New York, affirms the truth of the following under the penalty of perjury:

1

1.      I am a partner with the law firm of ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF, & CARONE LLP, attorneys for plaintiffs Lori S. Maslow, in her capacity as Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, as a member of the Executive Committee of the Kings County Democratic County Committee, and as a Female Member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District; Kings County Democratic County Committee ("KCDCC"); Executive Committee Of The Kings County Democratic County Committee; Benjamin C. Steinberg, as a Male Member of the Kings County Democratic County Committee elected to such position for the 47th Election District of the 41st Assembly District by the Executive Committee of the Kings County Democratic County Committee; Marjorie Cohen, as a Female Member of the Kings County Democratic County Committee elected to such position for the 70th Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee; Willa M. Willis Johnson, as a Female Member of the Kings County Democratic County Committee elected to such position for the 42nd Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee (collectively the "Plaintiffs"). As such, I am familiar with the facts and circumstances of this action based upon a review of the case file and materials maintained by my office.

2.      I submit this affirmation in support of Plaintiffs' Order to Show Cause seeking a temporary restraining order ("TRO") along with the Accompnaying Memorandum of Law, the Complaint dated and filed with this Court on December 7, 2020, and the exhibits annexed thereto as well as the Affirmation of Lori S. Maslow dated December 7, 2020, the Declaration of Aaron Maslow dated December 7, 2020 with exhibits also annexed to and incorporated in the complaint

(DE 1), the Affirmation of Notice of Taylor Cray dated December 7, 2020, the Affirmation of Notice of Katie Schwartz dated December 7, 2020, for a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. Proc. 65, enjoining the defendants Andrew M. Cuomo, in his capacity as Governor of the State of New York; and Letitia James, in her capacity as Attorney General of the State of New York New York State Attorney General (the "Defendants") during pendency of this action from compelling Plaintiff KCDCC and Plaintiff Executive Committee of KCDCC to hold an organizational meeting on or before December 17, 2020; and, enjoining the Defendants from enforcement of New York Election Law § 2-104 and § 2-118 as applied to the Plaintiffs and the Kings County Democratic Party and its Executive Committee also Plaintiffs herein.

## NOTICE PROVIDED

3.      Notice of this application was given to the Attorney General's Office. *See* Affirmation of Taylor Cray and Affirmation of Katie Schwartz attached.

## SPECIFIC RELIEF REQUESTED

4.      Plaintiffs specifically request that this Court enjoin the imposition of the State Court's application of New York State Election Law § 2-112 as justification to declare null and void Plaintiff KCDCC's Rule Amendment (the Article III § 7 Amendment) required during the time of the COVID-19 pandemic and which resulted in the issuance of an Order requiring Plaintiffs to hold an organization meeting by December 17, 2020. The State Court's application of New York State Election Law § 2-112 as justification to declare null and void Plaintiff KCDCC's Article III § 7 Amendment violates the Plaintiffs' rights and warrants a TRO.

5.      Plaintiffs also specifically request that this Court enjoin Defendants from enforcement of New York Election Law §§ 2-104 and 2-118 as applied to the Plaintiffs, which

application has resulted in a challenge to Plaintiff KCDCC Executive Committee's November 29, 2020 Rule Amendment (the "November 29 Amendment") which seeks to rectify the disparate impact of New York Election Law § 2-104 which provides for the "equal representation of the sexes" and does not provide for representation of those who do not associate as traditional gender ("sexes") individuals.

6. The affairs of the Kings County Democratic Party are governed by its Rules. The Rules can be amended by either the County Committee or the Executive Committee. *See* KCDCC the Rules annexed as Exhibit 1 to the Complaint.

7. The specific relief is warranted because the Plaintiffs rights to organize, conduct their affairs, select their officers, and freely associate has been violated by a State Court's application of New York State Election Law §2-112 to justify State infringement into the KCDCC Plaintiffs own internal party affairs (adoption of the Article III § 7 Amendment).

8. Furthermore a TRO is also warranted because there is an immininent likelihood that the State is going to use New York State Election Law § 2-118 to justify impermissible State infringement in setting aside KCDCC Plaintiffs' November 29 Amendment which seeks to rectify the disparate impact of New York Election Law § 2-104.

9. As set forth in detail below and in Plaintiffs' Complaint along with the affirmation, declaration, and exhibits thereto, the Plaintiffs are entitled to a temporary restraining and a preliminary injunction to prevent the violation of rights and guarantees afforded to them under the United States Constitution.

[INTENTIONALLY LEFT BLANK]

## FACTS RELEVANT TO APPLICATION
## FOR A TEMPORARY RESTRAINING ORDER

### *Virtual Meeting Disenfranchising Individuals Such as Plaintiff Lori Maslow*

10.     In Kings County, the Democratic County Committee's meetings are regularly attended by roughly 1,000s of individuals. *See* Maslow Affirm. ¶ 7; *see also* Compl. ¶ 20.

11.     As a result of the COVID-19 pandemic, defendant Governor Andrew M. Cuomo has issued numerous COVID-19 executive orders ("EOs") limiting the number of individuals who could gather in one location. *See* Compl. ¶ 16.

12.     Due to these EOs, on September 28, 2020, KCDCC's Executive Committee adopted the Article III § 7 Amendment to the Rules for the Government of the Kings County Democratic County Committee (the "Rules"). Importantly, pursuant to § 7 of the Rules, the Chair of the Executive Committee is not to convey and hold any meeting of the County Committee, in which voting may occur, via telephone or video conference in order to prevent the disenfranchisement of its members with limited economic means or access to the technology to attend the meetings. *See id.* at ¶¶ 17-18.

13.     On October 27, 2020, pursuant to an action commenced by individuals elected as members of KCDCC, the New York State Supreme Court of the County of Kings issued the State Court Order, which annulled § 7 of KCDCC's Rules "to the extent that it conflicts with Election Law § 2-112" and ordered KCDCC to conduct a virtual organizational meeting of the County Committee of the KCDCC within forty-five (45) days of service of a copy of the October 27 Order with notice of entry. *See* Complaint, Exhibit 2.

14.     Thus, pursuant to the State Court Order, KCDCC must hold a virtual organizational meeting by December 17, 2020. *Id.*

15. However, if the meeting of the Democratic County Committee is held virtually, a large portion of its members will be disenfranchised because they either do not have access to electronic equipment to access a virtual platform and/or do not have knowledge and/or the capability to use a virtual platform. *See* Affirmation of Lori Maslow; *see also* Compl. ¶ 18.

16. Plaintiff Lori S. Maslow, the Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, a member of the Executive Committee of the Kings County Democratic County Committee, and a female member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District, is an individual who would not be able to fully participate virtually as a result of her physical disabilities. *See* Affirmation of Lori Maslow; *see also* Compl. ¶¶ 8, 23.

17. Until the beginning of the COVID-19 pandemic, Ms. Maslow attended political meetings in person. *See* Affirmation of Lori Maslow ¶ 10.

18. As a result of the pandemic, meetings of political groups have been limited to online virtual meetings, which are typically held on the Zoom videoconferencing platform. *See id.* at ¶ 11.

19. Ms. Maslow's participation in these Zoom meetings has been very limited due to her physical disability, which prevents her from using all computer functions. *See id.* at ¶¶ 12-13.

20. Ms. Maslow has Mitochondrial Myopathy Disease, which has caused skeletal muscular myopia which has caused her eye, facial, and skeletal muscles from functioning properly. *See id.* at ¶¶ 14-15.

21. As a result of Ms. Maslow's disease, she cannot press all of the necessary buttons to view the video participants, cannot always access the mute and unmute functions appropriately, and cannot type in the chat section of the video platform while manipulating all of its other

functions. *See id.* at ¶¶ 13-15. From time to time she has had to ask her son or husband to use the video functions for her to participate in meetings. *See id.* at ¶ 13.

22.     Ms. Maslow has attempted to create her own accommodations to participate, such as an electric magnifying lighted glass over her keyboard. However, this has not been a cure as she still needs to look down at the keyboard, focus, and cannot look at the screen simultaneously. *See id.* at ¶ 18.

23.     As the Democratic County Committee meeting is currently planned, it is for a multi-screen platform, which will force Ms. Maslow to have to focus "on muting and unmuting, clicking various buttons, and switching screens to be able to view all of the participants." *See id.* at ¶ 19. Further, the meeting will force Ms. Maslow "to constantly move [her] head from right to left in what may prove to be a five hour plus meeting, putting [her], an elected Assembly District Leader, as well as others with disabilities in a situation that would shortchange full participation as opposed to a full in-person meeting." *See id.* at ¶ 20.

24.     Individuals, such as Ms. Maslow, cannot function in a virtual meeting that entails the participation of hundreds of individuals and have no other remedy other than an in-person meeting. *See id.* at ¶ 23, 26.

25.     It is for this very reason that KCDCC amended its Rules to allow for those elected in the June primary to be seated, without the necessity of holding an in-person organizational meeting during COVID-19. *See* Complaint, Exhibit 1 at p. 11.

[INTENTIONALLY LEFT BLANK]

### *KCDCC's November Rule Amendment Seeks to Avoid the Disparate Impact of the State Law*

26.    KCDCC's Rules previously provided for equal membership of males and females in accordance with New York State Election Law § 2-104[1] until the rules were changed so that nonbinary Democrats, who do not identify with traditional male or female genders or "sexes", could be elected members of the party and participate fully with the party's business, including, and not limited to, at the party's organizational meeting ordered to be held by the State Court. *See* Compl. ¶¶ 27-30; *See* Declaration of Aaron Maslow at ¶¶ 19, 20, 33, 50.

27.    On November 23, 2020, the Kings County Democratic Task Force, which was appointed by Rodneyse Bichotte, Chair of the Executive Committee of the KCDCC, adopted a resolution recommending to the KCDCC Executive Committee that it adopt an amendment, which included a rule change as nonbinary Democrats do not associate as male or female members of the KCDCC. *See id.* at ¶¶ 31-34; *see also* Declaration of Aaron Maslow at ¶¶ 41-43.

28.    On November 29, 2020, the KCDCC Executive Committee adopted the the November 29 Amendment. *See id.* at ¶ 34; *see also* Declaration of Aaron Maslow at ¶ 44.

29.    In accordance with the November 29 Amendment, on December 2, 2020, the Executive Committee elected approximately 2,400 Democrats to fill vacancies in the County

---

[1] New York State Election Law § 2-104 contains provisions directing political parties how to structure their county committees. Section 2-104 provides that a county committee shall be constituted by the election of at least two members in each Election District. There can be no more than two additional members per Election District proportional to the vote for governor.  Moreover, as set forth in subdivision 2 of Section 2-104,

> [i]f, pursuant to section one of article thirteen of the constitution, such committee or a state convention of the party shall provide by rule for equal representation of the sexes on such committee, the rules of such committee relative to additional members, either from election districts or at large, shall be formulated and applied in such manner that the whole membership shall consist of an even number, equally divided between the sexes. When any such rule provides for equal representation of the sexes, the designating petitions and primary ballots shall list candidates for such party positions separately by sexes.

*See* New York State Election Law § 2-104 (2).

Committee membership, including non-cisgender individuals. *See id.* at ¶ 36; *see also* Declaration of Aaron Maslow at ¶ 46 and Exhibit D to Declaration.

30.     The next day, a certificate of election of members of KCDCC to fill vacancies was filed at the office of the Board of Elections in the City of New York. *See id.* at ¶ 37 and Exhibit D to Declaration.

31.     That same day, eleven individuals commenced an action in the New York State Supreme Court, County of Kings entitled *Stein v. Kings County Democratic County Committee* and assigned Index No. 524201/2020, in which they argue that pursuant to New York State Election Law § 2-118,[2] the vacancies in the County Committee must be filled by the remaining members of the County Committee and not by the Executive Committee.

32.     The case is assigned to the same Court who declared the Article III § 7 Amendment null and void and ordered an organizational meeting take place by December 17, 2020.

33.     In carrying out its First Amendment right to govern itself, the KCDCC Executive Committee,  elected approximately 2,400 Democrats to fill vacancies in the County Committee membership, and this included non-cisgender individuals, to fill the newly created at large County Committee positions so that all of the elected individuals could participate equally in the party's business, as stated, including, and not limited to, at the party's organizational meeting ordered to be held by the State Court.

34.     The November 29 Amendment serves to eliminate the inherent discriminatory impact of the outdated - traditionally gender defined - New York State Election Law § 2-104 and specifically provides for the inclusion of non-cisgender individuals.

---

[2] New York Election Law § 2-118 provides that vacancies in the membership of a party committee may be filled only by the remaining members of that committee.

## <u>CONCLUSION</u>

35.     For the foregoing reasons, and for those stated in the accompanying Memorandum

of Law in Support of TRO, the Plaintiffs respectfully request that the Court grant its application

for a temporary restraining order and a preliminary injunction pending the resolution of its

underlying claims.

Dated:  December 7, 2020

                                      ABRAMS, FENSTERMAN, FENSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE LLP

By: _____

                 Amy B. Marion
                 3 Dakota Drive, Suite 300
                 Lake Success, New York 11042
                 (516) 328-2300
                 *Attorneys for Plaintiffs*