UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LORI S. MASLOW, in her capacity as Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, as a member of the Executive Committee of the Kings County Democratic County Committee, and as a Female Member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District; KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE; EXECUTIVE COMMITTEE OF THE KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE; BENJAMIN C. STEINBERG, as a Male Member of the Kings County Democratic County Committee elected to such position for the 47th Election District of the 41st Assembly District by the Executive Committee of the Kings County Democratic County Committee; MARJORIE COHEN, as a Female Member of the Kings County Democratic County Committee elected to such position for the 70th Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee; WILLA M. WILLIS JOHNSON, as a Female Member of the Kings County Democratic County Committee elected to such position for the 42nd Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee;

**DOCKET NO. 05934-CV-2020**

                Plaintiffs,

    -against-

ANDREW M. CUOMO, in his capacity as Governor of the State of New York; and LETITIA JAMES, in her capacity as Attorney General of the State of New York New York State Attorney General,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# PLAINTIFFS'
# MEMORANDUM OF LAW IN SUPPORT OF
# TEMPORARY RESTRAINING ORDER

 

Amy Marion
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
amarion@abramslaw.com

## TABLE OF CONTENTS

**Page**

PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER IS
    WARRANTED .................................................................................................................. 1
    Likelihood of Success on the Merits ........................................................................ 1
    Irreparable Harm ....................................................................................................... 3
    Balance of Hardship and Public Interest .................................................................. 4
CONCLUSION ............................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*Bery v. City of New York*,
97 F.3d 689 (2d Cir. 1996)...................................................................................................4

*Eu v. San Francisco Cty. Democratic Cent. Comm.*,
489 U.S. 214 (1989)...........................................................................................................3

*Garcia v. Yonkers School Dist.*,
561 F.3d 97 (2d Cir. 2009).................................................................................................3

*Green Party of New York State v. New York State Bd. of Elections*,
267 F. Supp. 2d 342 (E.D.N.Y. 2002) .............................................................................3,4

*Kusper v. Pontikes*,
414 U.S. 51 (1973)..............................................................................................................1

*New York Progress & Protection PAC v. Walsh*,
733 F. 3d 483 (2d Cir. 2013)..............................................................................................4

*Price v. New York State Bd. Of Elections*,
540 F.3d 1010 (2d Cir. 2008).............................................................................................3

*Saget v. Trump*,
375 F. Supp. 2d 280, 339 (E.D.N.Y. 2019........................................................................4

*Standard Microsystems Corp. v. Texas Instruments*,
916 F.2d 58  (2d Cir. 1990)................................................................................................3

*Tashjian v. Republican Party of Connecticut*,
479 U.S. 208 (1986)............................................................................................................2

*Williams v. Rhodes*,
393 U.S. 23 (1968)..............................................................................................................1

**Statutes**

NY Election Law §2-104 ........................................................................................................4

NY Election Law §2-112 ........................................................................................................1

NY Election Law §2-118 ....................................................................................................1,2,4

Fed. R. Civ. Proc. 65 ............................................................................................................................3

**Other**

Executive Order 202.47 ......................................................................................................................2

# PLAINTIFFS' APPLICATION FOR A
# TEMPORARY RESTRAINING ORDER IS WARRANTED

The State Court's application of New York State Election Law § 2-112 as justification to declare null and void Plaintiff KCDCC's Article III § 7 Amendment required during the time of the COVID-19 pandemic and ordering that an organization meeting be held by December 17, 2020 violates and will continue to violate the Plaintiffs' rights unless a TRO is granted.

The likelihood of the State application of New York State Election Law § 2-118 to justify State infringement into KCDCC's internal party affairs and declaring null and void its November 29 Amendment is imminent and will result in a violation of Plaintiffs' rights unless a TRO is granted.

### *Likelihood of Success on the Merits*

The freedom to associate with others for the common advancement of political beliefs and ideas is a form of orderly group activity that is protected by the First and Fourteenth Amendments. *Kusper v. Pontikes*, 414 U.S. 51, 56 (1973). This right constitutes basic constitutional freedom that is protected from federal encroachment under the First Amendment and is protected from State infringement under the Fourteenth Amendment. *Id.*, *see also Williams v. Rhodes*, 393 U.S. 23, 26–27 (1968).

The State Court Order declaring null and void the Article III § 7 Amendment and compelling KCDCC to conduct a virtual organizational meeting indisputably and impermissibly infringes upon KCDCC's associational rights.

The State Court Order restricts KCDCC's political party discretion to organize itself, conduct its affairs, and select its leaders in violation of KCDCC's associational rights, and to determine that holding meetings in person advances the party's interests much more than does

1

holding a virtual meeting where many cannot participate due to physical disabilities or economic disadvantages.

The New York State Supreme Court, County of Kings substituted its judgment for that of KCDCC as to the desirability of a particular internal party structure and no compelling State interest can be shown to rationalize its State Court Order.

The Governor's EO (EO 202.47) states that a party "may" conduct a meeting by telephonic or video conferencing means. It does not mandate that a meeting be held, nor does it mandate that a meeting be held by such means. *See* Complaint, Exhibit 4.

Furthermore, Supreme Court jurisprudence dictates that a state may not even direct a political party as to how it engages with non-party members in terms of inviting outsiders to vote in its own primary election, all the more so, it cannot assert a compelling interest to justify directives that control how a party organizes itself internally. *See Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986).

The Plaintiffs' request, based upon the likelihood that the State will apply New York State Election Law § 2-118 to set aside the November 29 Amendment, is supported by the fact that the *Stein* plaintiffs' application is being presented to the same State Court Judge that declared null and void the Article III § 7 Amendment.

Application of New York State's Election Law in this context as well infringes upon Plaintiffs' rights to conduct its own internal party governing structure in a manner which it deems best to advance the political interests of the party and its candidates, including determining that non-binary individuals are entitled to serve as KCDCC members alongside individuals identified as traditional male and female sexes.

The same New York State Supreme Court that substituted its judgment for that of KCDCC as to the desirability of a particular internal party structure, the Article III § 7 Amendment, is likely to make the same determination with regard to the November 29 Amendment.

As the Supreme Court stated in *Eu v. San Francisco Cty. Democratic Cent. Comm*., 489 U.S. 214 (1989), and as the Second Circuit recognized in *Price v. New York State Bd. Of Elections*, 540 F.3d 1010 (2d Cir. 2008), "a state does not have a compelling interest in "sav[ing] a political party from pursuing self-destructive acts because the state cannot substitute[e] its judgment for that of the party." (internal quotation marks omitted) (alteration in the original).

Thus, the Plaintiffs have a likelihood of success on the merits of its claims against the Defendants.

### *Irreparable Harm*

The appellate court in this Circuit has stated that "[w]here speed is needed, the rules of procedure provide for temporary restraining orders, even without notice, to prevent irreparable harm." *Garcia v. Yonkers School Dist*., 561 F.3d 97 (2d Cir. 2009), quoting *Standard Microsystems Corp. v. Texas Instruments, Inc*. 916 F.2d 58, 62 (2d Cir. 1990), citing Fed. R. Civ. Proc. 65.

The appellate court in this Circuit has stated that "[w]here speed is needed, the rules of procedure provide for temporary restraining orders, even without notice, to prevent irreparable harm." *Garcia v. Yonkers School Dist*., 561 F.3d 97 (2d Cir. 2009), quoting *Standard Microsystems Corp. v. Texas Instruments, Inc*. 916 F.2d 58, 62 (2d Cir. 1990), citing Fed. R. Civ. Proc. 65.

The Second Circuit has also held that allegations of violations of First and Fourteenth Amendment rights to associate with one another as a political party are commonly considered irreparable injuries for purposes of a preliminary injunction. *Green Party of New York State v. New*

*York State Bd. of Elections*, 267 F. Supp. 2d 342 (E.D.N.Y. 2002), quoting *Bery v. City of New York*, 97 F.3d 689 (2d Cir. 1996).

Therefore, as demonstrated above and in the Complaint, the affirmation, declaration and exhibits thereto, the irreparable harm attendant with the State Court Order mandating an organization meeting to be held along with the enforcement of Election Law §§ 2-104 and 2-118, as applied by the State and as the aforesaid *Stein* plaintiffs (¶ 29 herein) are looking to apply the state law, warrant the imposition of a temporary restraining order to prevent the irreparable harm.

### *Balance of Hardship and Public Interest*

Finally, the balance of hardships and public tilt in favor of staying enforcement of the State Court Order and Election Law §§ 2-104 and 2-118. *See Saget v. Trump*, 375 F. Supp. 2d 280, 339-40 (E.D.N.Y. 2019) (holding when the government is a party, "the balance of hardship and public interest merge as one factor" because the government's interest is the public's interest.").

When an injunction would enjoin a likely unconstitutional law, the public's interest favors such relief because the "[g]overnment does not have an interest in enforcement of an unconstitutional law." *See New York Progress & Protection PAC v. Walsh*, 733 F. 3d 483, 488 (2d Cir. 2013).

When compared with the serious irreparable harm that is occurring and is continuing to occur if the State is permitted to impermissibly infringe upon its rights to conduct its own party's affairs, the Defendants' interests are pale in comparison, if they even exist at all. As stated, the State too has an interest in upholding the constitutional rights of its citizens. There can be no compelling State interest for the interference by the State of New York in the internal party matters of how the Kings County Democratic Party wishes to organize itself, constitute its County Committee, and fill vacancies in the KCDCC membership.

4

## **CONCLUSION**

For the foregoing reasons, and for those stated in the accompanying Memorandum of Law in Support of TRO, the Plaintiffs respectfully request that the Court grant its application for a temporary restraining order and a preliminary injunction pending the resolution of its underlying claims.


Dated:          December 7, 2020
                Nassau County, New York