UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lori S. Maslow, in her capacity as Democratic State Committee Female Member, *et al.*,<br><br>Plaintiffs,<br><br>- against -<br><br>ANDREW M. CUOMO and LETITIA JAMES in their official capacities as the Governor and Attorney General of the State of New York,<br><br>Defendants. | 20-cv-05934 (KAM)(VMS) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION, AND IN SUPPORT OF DEFENDANTS' CROSS-
MOTION TO DISMISS**

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
Tel. (212) 416-8508

JANE R. GOLDBERG
Assistant Attorney General
  *Of Counsel*

December 11, 2020

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

STANDARD OF REVIEW ............................................................................................... 5

ARGUMENT ..................................................................................................................... 5

I.   PLAINTIFFS CANNOT DEMONSTRATE A LIKELIHOOD
     OF SUCCESS ON THE MERITS ........................................................................ 6

     A.   Governor Cuomo and Attorney General James are Not Proper
          Parties to this Action ................................................................................... 6

     B.   The Court Should Abstain From Exercising Jurisdiction Over
          Plaintiffs' Claims as a Matter of Federalism and Comity Under
          Both *Pullman* Abstention and the *Rooker Feldman* Doctrine. ............... 8

II.  PLAINTIFFS CANNOT ESTABLISH IRREPARABLE HARM ABSENT
     AN INJUNCTION OR THAT THE REQUESTED INJUNCTION IS IN
     THE PUBLIC INTEREST .................................................................................. 12

III. THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THE
     GOVERNOR AND THE ATTORNEY GENERAL ......................................... 12

CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**  **PAGES**

*Andrews v. Citimortgage, Inc.*,
 14-CV-1534, 2015 WL 1509511 (E.D.N.Y. Mar. 31, 2015)..................................................11

*Benisek v. Lamone*,
 138 S. Ct. 1942 (2018)..........................................................................................................5

*Citizens Union of the City of New York v. Attorney General*,
 16 Civ. 9592, 2017 WL 2984167 (S.D.N.Y. June 23, 2017).................................................7

*Davidson v. Garry*,
 956 F. Supp. 265 (E.D.N.Y. 1996) .....................................................................................11

*Dekom v. Fannie Mae*,
 17-CV-2712, 2019 WL 1403116 (S.D.N.Y. Mar. 28, 2019)................................................10

*Disability Rights New York v. New York State*,
 17-CV-6965, 2019 WL 2497907 (E.D.N.Y. June 14, 2019).................................................6

*EH Fusion Party v. Suffolk Cty. Bd. of Elections*,
 401 F. Supp. 3d 376 (E.D.N.Y. 2019) .................................................................................9

*Ellington, et al. v. Kings County Democratic County Committee*,
 __ N.Y.S.3d __, 2020 WL 6326345 (Sup. Ct. Kings Cty.) ..................................... 2, 3, 6, 9-10

*Elmsford Apartment Assocs., LLC v. Cuomo*,
 No. 20-CV-4062, 2020 WL 3498345 (S.D.N.Y. June 29, 2020) ..........................................5

*Ex Parte Young*,
 209 U.S. 123 (1908).........................................................................................................6, 7

*Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*,
 841 F.3d 133 (2d Cir. 2016)............................................................................................5, 12

*Gribbin v. New York State Unified Court Sys.*,
 18-CV-6100, 2020 WL 1536324 (E.D.N.Y. Mar. 31, 2020)................................................11

*Hoblock v. Albany Cty. Bd. of Elections*,
 422 F.3d 77 (2d Cir. 2005)..................................................................................................10

*Jones v. Schneiderman*,
 974 F. Supp. 2d 322 (S.D.N.Y. 2013)...................................................................................7

*Lorick v. Cuomo*,
 9:16-CV-1002, 2018 WL 1517185 (N.D.N.Y. Mar. 27, 2018).............................................7

*Mendez v. Heller*,
    530 F.2d 457 (2d Cir. 1976) ................................................................................................8

*Nassau & Suffolk Cty. Tax Owners Assoc. v. State of New York*,
    336 F. Supp. 3d 50 (E.D.N.Y. 2018) ...................................................................................7

*Pope v. Cty. of Albany*,
    687 F.3d 565 (2d Cir. 2012) ............................................................................................5, 12

*Railroad Commission of Texas v. Pullman Co.*,
    312 U.S. 496 (1941) .............................................................................................................9

*Sabin v. Nelson*,
    No. 12 Civ. 1373, 2014 WL 2945770 (N.D.N.Y. June 30, 2014) .......................................7

*Spiteri v. Russo*,
    No. 12-CV-2780, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom,
    Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015) ............................................................7

*Stein, et al. v. Kings County Democratic County Committee*,
    Index No. 524201/2020 (Sup. Ct. Kings Cty. Dec. 11, 2020) ............................. 2-4, 6, 9, 10

*Tomczyk v. New York State Unified Court Sys.*,
    19-CV-2753, 2019 WL 2437849 (E.D.N.Y. June 10, 2019) ..............................................11

*Vermont Right to Life Committee, Inc. v. Sorrell*,
    221 F.3d 376 (2d Cir. 2000) .................................................................................................9

*Wang v. Pataki*,
    164 F. Supp. 2d 406 (S.D.N.Y. 2001) ............................................................................7, 10

*Warden v. Pataki*,
    35 F. Supp. 2d 354 (S.D.N.Y. 1999), *aff'd sub nom. Chan v. Pataki*, 201 F.3d
    430 (2d Cir. 1999) ................................................................................................................7

**STATE STATUTES**

N.Y. Elec. Law
    § 2-104 ............................................................................................................................2, 4, 5
    § 2-112 ...............................................................................................................................3, 9
    § 2-118 ............................................................................................................................2, 3, 4

**RULES**

Federal Rules of Civil Procedure
    Rule 65 ................................................................................................................8

Rule 12(b)(1) and 12(b)(6)................................................................................12, 13

Defendants Andrew M. Cuomo and Letitia James (collectively "Defendants"), sued in their official capacities as the Governor and Attorney General of the State of New York respectively, pursuant to the Court's Order dated December 7, 2020, respectfully submit this memorandum of law in opposition to Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction (ECF No. 2), and in support of Defendants' cross-motion to dismiss the Complaint (ECF No. 1).

## PRELIMINARY STATEMENT

New York Election Law sets forth various requirements concerning the organization of political parties and their committees. Three of these statutes are the subject matter of two on-going proceedings in New York State courts, one of which is on appeal. Neither the Governor nor the Attorney General are parties to these State court proceedings, and they do not have any specific role with respect to the interpretation or enforcement of the relevant provisions of the New York Election Law.

Plaintiffs now seek a TRO and preliminary injunctive relief as against the Governor and the Attorney General, seeking to enjoin them from compelling compliance with an order issued in the first State court proceeding and a preemptive injunction from a possible adverse decision in the second State court proceeding, which since the filing of the Complaint has now been issued by the presiding state court judge. As set forth below, Plaintiffs cannot prevail in this collateral attack on pending State court proceedings by seeking the requested injunction for several reasons. First, Plaintiffs cannot demonstrate a likelihood of success on the merits of their claims against the Governor and the Attorney General, neither of whom are proper parties to this action. As such, the claims against them should be dismissed. Second, Plaintiffs are seeking to thwart procedural requirements by filing this frivolous claim. This Court should decline from exercising jurisdiction

of this action under well-settled principles of comity and pursuant to abstention doctrines that aim to prevent exactly the sort of litigation tactics that Plaintiffs have employed here. Third, Plaintiffs cannot establish any of the requirements needed to demonstrate an entitlement to an injunction. Specifically, there is no showing that Plaintiffs will suffer irreparable harm absent an injunction or that the granting of such an injunction would be in the public interest. Based upon the foregoing, the Defendants seek a denial of Plaintiffs' request for a preliminary injunction and the dismissal of all claims against them.

## STATEMENT OF FACTS

Plaintiffs are four individual members of the Kings County Democratic County Committee ("KCDCC"), the KCDCC, and the KCDCC's Executive Committee. Complaint dated December 7, 2020, ECF No. 1 ("Compl."), ¶¶ 8-13. Defendants are the Governor and Attorney General of the State of New York. *Id.* ¶¶ 14-15. Plaintiffs seek to enjoin Defendants, including on a preliminary basis, from compelling KCDCC and its Executive Committee to hold an organizational meeting on or before December 17, 2020 as ordered by the Honorable Edgar G. Walker, Justice of the Supreme Court of State of New York, Kings County, in *Ellington, et al. v. Kings County Democratic County Committee*, -N.Y.S.3d-, 2020 Slip Op. 20281 (Sup. Ct. Kings Cty. Oct. 27, 2020) ("*Ellington*") (Count I).[1] Compl. ¶¶ 49-56; 68-74. Plaintiffs also seek to enjoin the enforcement of N.Y. Elec. Law §§ 2-104 and 2-118 as applied to Plaintiffs (Count II).[2] *Id.* ¶¶

---

[1] N.Y. Elec. Law § 2-112 requires party committees to hold an organizational meeting no earlier than September 17 and no later than October 1 following the June primary. The KCDCC failed to hold a meeting. Justice Walker's Order requires KCDCC to hold a meeting on or before December 17, 2020, which is 45 days from the date of his Order that is now on appeal.

[2] N.Y. Elec. Law § 2-104 concerns the creation of county committees by each party and, relevant to the *Stein* litigation, concerns gender representation. N.Y. Elec. Law § 2-118 concerns how vacancies on party committees are to be filled, which is another issue raised in the *Stein* litigation.

57-74. Count II concerns another action in Supreme Court of the State of New York, Kings County, presently pending before Justice Walker captioned *Stein v. Kings County Democratic County Committee, No. 524201/2020* ("*Stein*"). On December 10, 2020, after the filing of the Complaint, Justice Walker issued a Decision and Order in *Stein*, declaring (1) that a proposed amendment to the KCDCC's Rules violated the Election Law and is null and void; and (2) that the KCDCC's Executive Committee's appointments to the County Committee violated N.Y. Elec. Law § 2-118 and are null and void (the "December 10 Order"). A copy of the Court's decision is annexed to the Declaration of Jane R. Goldberg dated December 11, 2020. None of the Plaintiffs in either State court proceeding is a party to this action.

Plaintiffs' first challenge the effect of the State court's order in *Ellington,* that neither the Governor nor the Attorney General has any role in enforcing. *Ellington* was brought by certain individuals elected as members of KCDCC who sought a declaration that a newly adopted amendment of KCDCC's Rules of Government was null and void, as conflicting with N.Y. Elec. Law § 2-112 (requiring county committees to hold organizational meetings). Compl. ¶ 21. KCDCC's amended rule prohibits any meeting held via video teleconferencing or telephone conference. Compl. ¶ 18. KCDCC cross-moved to dismiss the action. By Order dated October 27, 2020 (the "October 27 Order"), the State court held that KCDCC's amended rule conflicts with N.Y. Elec. Law § 2-112(1)(b) because, given the pandemic, it effectively "thwart[s] the ability to hold any county committee meeting indefinitely. . . ." October 27 Order, ECF No. 1-5. Pursuant to the October 27 Order, KCDCC must hold a meeting by December 17, 2020. Compl. ¶ 25. Plaintiffs appealed from the October 27 Order to the Appellate Division, Second Department, and moved to stay its enforcement pending appeal. The Second Department denied the stay motion. *See* Order dated November 25, 2020, ECF No. 1-6. Plaintiffs now seek relief from the October 27

Order in this Court, purportedly on federal constitutional grounds that were not raised before the State court, and that "no compelling State interest can be shown" to justify the October 27 Order. *See* Compl. ¶ 53-55.

Plaintiffs also preemptively challenge the alleged State court's enforcement of N.Y. Elec. Law §§ 2-104 and 2-118, based largely upon an expectation that Justice Walker would issue an adverse decision in *Stein*. That decision was issued yesterday in the December 10 Order. However, neither the Governor nor the Attorney General have any role with respect to the enforcement of the December 10 Order. These provisions of New York's Election Law concern the creation and constitution of county committees and how vacancies on those committees are filled. Compl. ¶¶ 27-28.

Plaintiffs allege that on November 29, 2020, KCDCC's Executive Committee adopted an amendment to its rules to permit membership by nonbinary Democrats, and that, on December 2, 2020, the Executive Committee elected approximately 2,400 Democrats to fill vacancies in the County Committee membership. Compl. ¶¶ 39, 44. On December 3, 2020, eleven individuals brought the *Stein* action in the Supreme Court of Kings County, seeking to enforce N.Y. Elec. Law § 2-118. Compl. ¶ 44. The *Stein* plaintiffs claim that N.Y. Elec. Law § 2-118 requires that vacancies be filled by the members of the County Committee and not by an Executive Committee. *Id.* Plaintiffs allege that "[t]he State application, and the application which the *Stein* plaintiffs seek to impose, amount to an impermissible State infringement upon Plaintiffs' First Amendment rights in violation of the Fourteenth Amendment." *Id.* ¶ 48. As noted, in the December 10 Order the court granted the declaratory relief sought by the *Stein* plaintiffs.

Plaintiffs seek, *inter alia*, a declaration that the October 27 Order is unconstitutional as applied to KCDCC, an injunction compelling compliance with the October 27 Order, and similar

4

declaratory and injunctive relief enjoining any enforcement of N.Y. Elec. Law §§ 2-104 and 2-114 as against them.

## STANDARD OF REVIEW

Plaintiffs seek a TRO in anticipation of a hearing on a motion for a preliminary injunction. The standards for granting a TRO and a preliminary injunction are essentially the same. "[A] preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018) (quoting *Winter v. Nat. Res. Defense Council, Inc*. 555 U.S. 7, 24 (2008)). Plaintiffs bear the burden of showing their entitlement to such extraordinary relief, *see Elmsford Apartment Assocs., LLC v. Cuomo*, No. 20-CV-4062, 2020 WL 3498345, at *10 n.5 (S.D.N.Y. June 29, 2020), and must meet a heightened standard by demonstrating *all* of the following factors: (1) a clear or substantial likelihood of success on the merits, (2) irreparable harm in the absence of the relief sought, and (3) that the public interest weighs in favor of granting the injunction. *Id*. at 1944; *see Pope v. Cty. of Albany*, 687 F.3d 565, 570 (2d Cir. 2012); *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 143 (2d Cir. 2016).

As set forth below, Plaintiffs cannot satisfy their heavy burden with respect to *any* of the essential criteria for the extraordinary relief they request. The Court should deny their request for a TRO and a preliminary injunction as against both the Governor and the Attorney General, and dismiss the claims against the Defendants.

## ARGUMENT

### I. PLAINTIFFS CANNOT DEMONSTRATE A LIKLIHOOD OF SUCCESS ON THE MERITS

Plaintiffs cannot show a likelihood of success on the merits of their claims against the Governor and the Attorney General. First, neither the Governor nor the Attorney General are proper parties to this action. Second, under principles of comity as articulated in the *Pullman* and

*Rooker-Feldman* abstention doctrines, this Court should abstain from exercising jurisdiction over this action.

### A.   GOVERNOR CUOMO AND ATTORNEY GENERAL JAMES ARE NOT PROPER PARTIES TO THIS ACTION

Governor Cuomo and Attorney General James may only be sued in their official capacities if Plaintiffs allege that each is directly involved in an ongoing violation of federal law that could be remedied by prospective injunctive relief against them. *See Ex Parte Young*, 209 U.S. 123, 157 (1908) ('[i]t is plain that [a defendant state] officer must have some connection with the enforcement of the [challenged] act"). Here, there are no such allegations against either defendant.

Plaintiffs merely allege that Governor Cuomo is "charged with enforcement of the Laws of the [S]tate of New York and the Constitution of the State of New York, as well as the enforcement of rights and privileges guaranteed by the United States Constitution and guaranteed to the States and its citizens through the Fourteenth Amendment of the United States Constitution." Compl. ¶ 14. Similarly, Plaintiffs allege that Attorney General James is "the chief legal officer of the State of New York charged with defending actions and proceedings brought against the State of New York and the Chief Executive of the State of New York. *Id.* ¶ 15.

Neither allegation against the Defendants suffices to show any direct involvement in this collateral challenge to the Order in *Ellington* by a Justice of the Kings County Supreme Court, which is currently on appeal in the Appellate Division, Second Department, or to the December 10 Order in *Stein*, the second litigation against the KCDCC currently pending in Kings County Supreme Court, which has just been rendered.

Courts routinely dismiss claims against the Governor where he is only sued based on his general obligations to enforce the law within the State. *See, e.g., Disability Rights New York v. New York State,* 17-CV-6965, 2019 WL 2497907, at \*\*23-24 (E.D.N.Y. June 14, 2019)

(dismissing Governor for alleged ADA/Rehabilitation Act violations); *Lorick v. Cuomo,* 9:16-CV-1002, 2018 WL 1517185, at *2 (N.D.N.Y. Mar. 27, 2018) (dismissing Governor in parole denial case); *Nassau & Suffolk Cty. Tax Owners Assoc. v. State of New York*, 336 F. Supp. 3d 50, 69 (E.D.N.Y. 2018) (noting that the Governor does not appear to have any particular enforcement authority and that the amended complaint failed to state how the Governor was connected to the statute at issue beyond signing the statute in question into law), *Citizens Union of the City of New York v. Attorney General*, 16 Civ. 9592, 2017 WL 2984167, at **4-5 (S.D.N.Y. June 23, 2017) (dismissing Governor because limited exception under *Ex Parte Young* does not apply to Nonprofit Disclosure Provisions of New York Executive Law) (collecting cases); *Sabin v. Nelson*, No. 12 Civ. 1373, 2014 WL 2945770, at **2-3 (N.D.N.Y. June 30, 2014) (dismissing claims against Governor and Attorney General); *Spiteri v. Russo*, No. 12-CV-2780, 2013 WL 4806960, at *18 (E.D.N.Y. Sept. 7, 2013), *aff'd sub nom, Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015) (dismissing Governor Cuomo as an improper party because plaintiff failed to plead that he had any direct involvement in plaintiff's classification as a sex offender); *Wang v. Pataki,* 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001); *Warden v. Pataki,* 35 F. Supp. 2d 354, 359 (S.D.N.Y. 1999) (collecting cases), *aff'd sub nom. Chan v. Pataki*, 201 F.3d 430 (2d Cir. 1999).

Similarly, the Attorney General has been dismissed where, as in this case, there is no allegation, much less a showing, that the Attorney General has any specific authority either to compel the enforcement of the State court order at issue here or to enjoin it. In *Jones v. Schneiderman*, 974 F. Supp. 2d 322, 352-53 (S.D.N.Y. 2013), the Court found that the Attorney General was not a proper party in an action concerning the enforcement of the State's liquor laws merely because he was generally responsible for the enforcement of New York laws. In *Sabin*, 2014 WL 2945770 at * 2, the Court dismissed plaintiff's claims against the Attorney General and

an Assistant Attorney General because plaintiff had "offered no basis on which the court could find that these defendants have 'some connection with the enforcement' of the statutes in question or any acts taken pursuant thereto." *Id*. (quoting *Ex Parte Young*, 209 U.S. at 157).

In *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976), a putative challenge to New York's durational residency requirement in divorce actions, the Second Circuit made clear that absent a connection with the enforcement of a statute the Attorney General cannot be a party to a lawsuit:

> "Although he has a duty to support the constitutionality of challenged state statutes [], and to defend actions in which the state is 'interested,' [] the Attorney General does so, not as an adverse party, but as a representative of the State's interest in asserting the validity of its statutes." (citing *Federal Nat'l Mortgage Ass'n v. Lefkowitz*, 383 F. Supp. 1294, 1296 n.1 (S.D.N.Y. 1974).

Here, there is no such connection alleged and the claims against Governor Cuomo and Attorney General James should be dismissed as they are not proper parties to this action. With respect to the requested preliminary injunction, Plaintiffs have made no showing whatsoever that either the Governor or the Attorney General are engaged in any conduct that could be the subject of a proper injunction under Rule 65 of the Federal Rules of Civil Procedure. Plaintiffs' alleged harms are, by their own allegations, the result of the existing State court order and an anticipated State court order. *See* Compl. ¶¶ 45, 50. Plaintiffs cannot show that either the Governor or the Attorney General have any specific role with respect to the enforcement of these State court orders, and as such cannot establish an entitlement to an injunction against the Governor or the Attorney General.

### B. THE COURT SHOULD ABSTAIN FROM EXERCISING JURISDICION OVER PLAINTIFFS' CLAIMS AS A MATTER OF FEDERALISM AND COMITY UNDER BOTH *PULLMAN* ABSTENTION AND THE *ROOKER-FELDMAN* DOCTRINE

Plaintiffs bring this lawsuit to: (1) enjoin the enforcement of the October 27 Order, claiming constitutional injury resulting from the State trial court's interpretation of a State law; and (2) enjoin the anticipated enforcement of the State court decision regarding two sections of

New York's Election Law that are at issue in the *Stein* litigation, concerning Plaintiff KCDCC's 2020 election of its members. This lawsuit is a collateral attack on these two State court proceedings, one which resulted in an adverse order prior to this litigation and is currently on appeal, and the second which was decidedly adversely to Plaintiffs on December 10, 2020. In the interests of comity, the Court should decline to exercise jurisdiction over this matter.

    **i.   This Court Should Abstain Under the *Pullman* Abstention Doctrine.**

The *Pullman* doctrine refers to the Supreme Court's decision in *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941). As construed by the Second Circuit in *Vermont Right to Life Committee, Inc. v. Sorrell*, 221 F.3d 376, 384-85 (2d Cir. 2000), the *Pullman* doctrine "may be appropriate when three conditions are met: (1) an unclear state statute is at issue; (2) resolution of the federal constitutional issue depends on the interpretation of the state law; and (3) the law is susceptible 'to an interpretation by a state court that would avoid or modify the federal constitutional issue.'" *Id.* (quoting *Greater New York Metro. Food Council v. McGuire*, 6 F.3d 75, 77 (2d Cir. 1993). As this Court has stated, the *Pullman* doctrine is "'[d]esigned to avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues. . . .'" *EH Fusion Party v. Suffolk Cty. Bd. of Elections*, 401 F. Supp. 3d 376, 387 (E.D.N.Y. 2019) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997)). Unlike *EH Fusion Party*, this case does not present a circumstance where the state and federal courts are exercising parallel jurisdiction and are faced with the same question as to whether a provision of state election law is constitutional. To the contrary, the state court proceedings at issue here address or will address questions that are purely of state law. Put another way, the State court in *Ellington* held that N.Y. Elec. Law § 2-112, in conjunction with Executive Order 202.47, did not excuse the KCDCC from holding an organization meeting and noted that, in fact, it was compelled to do so. *See* October 27

Order. If the Appellate Division were to disagree with this interpretation of State law, Plaintiffs' claimed constitutional injuries would no longer exist.

*Pullman* abstention is appropriate here because Plaintiffs' alleged injury in this case is derived from the State court's decision in the *Ellington* litigation, which they now challenge here on federal constitutional grounds, despite the fact that they are still appealing that decision. It is the answer to the open, state law question that is a necessary predicate to consideration of the federal claims here. The State appellate court may agree with the Plaintiffs, in which case the constitutional issues raised in this federal action would be obviated. *See Wang v. Pataki*, 164 F. Supp. 2d at 411. As to the *Stein* litigation, Plaintiffs merely speculated that their associational rights would be violated prior to any State court decision on the merits of that lawsuit, but the same considerations certainly apply now that a decision has been rendered, and that is why *Pullman* abstention is particularly appropriate.

### ii. The *Rooker-Feldman* Doctrine Divests the Court of Jurisdiction.

This case satisfies the elements of the *Rooker-Feldman* doctrine, as set forth by the Second Circuit in *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). The four requirements established in *Holbock* are: "(1) 'the federal-court plaintiff must have lost in state court'; (2) 'the plaintiff must complain of injuries caused by a state-court judgment'; (3) 'the plaintiff must invite district court review and rejection of that judgment'; and (4) 'the state-court judgment must have been rendered before the district court proceedings commenced.'" *Id.*; *accord. Dekom v. Fannie Mae*, 17-CV-2712, 2019 WL 1403116, at *2 (S.D.N.Y. Mar. 28, 2019) (quoting

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt*, P.C., 701 F. Supp. 2d 340, 346 (E.D.N.Y.) (quoting *Hoblock*, 422 F.3d at 85)).[3]

Here, Plaintiffs lost in State court and have been ordered to conduct a meeting as required under New York's Election Law, but notwithstanding their pending appeal, they now ask this Court to overturn the October 27 Order under the guise of alleged violations of their federal constitutional rights. They are directly asking this Court to review and reject the October 27 Order, which was rendered prior to these proceedings. *See* Compl. ¶¶ 50-52. Similar attempts have been found to be unavailing. *See, e.g. Gribbin v. New York State Unified Court Sys.*, 18-CV-6100, 2020 WL 1536324, at * 4 (E.D.N.Y. Mar. 31, 2020) (rejecting plaintiff's alleged civil rights claims) (citations omitted). "A plaintiff may not overcome the [*Rooker-Feldman*] doctrine bar by recasting his [or her] complaint in the form of a civil rights action.'" *Tomczyk v. New York State Unified Court Sys.*, 19-CV-2753, 2019 WL 2437849, at *4 (E.D.N.Y. June 10, 2019) (quoting *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004)). Nor can a plaintiff recast his claims as civil rights violations to avoid *Rooker-Feldman*'s bar. *Davidson v. Garry*, 956 F. Supp. 265, 269 (E.D.N.Y. 1996); *Andrews v. Citimortgage, Inc.*, 14-CV-1534, 2015 WL 1509511, at *5 (E.D.N.Y. Mar. 31, 2015) ("'a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court.'") (quoting *Lajaunie v. Samuels & Son Seafood Co.*, 2014 WL 7190922, at * 4 (S.D.N.Y. Dec. 12, 2014)). Therefore, the case should be dismissed as Plaintiffs cannot establish a clear likelihood of success on the merits.

---

[3] Nor is it problematic that the State court Order has been appealed because Plaintiffs are still seeking federal review of a state-court judgment. *Dekom*, 2019 WL 1403116, at *2.

11

## II. PLAINTIFFS CANNOT ESTABLISH IRRPARABLE HARM ABSENT AN INJUNCTION OR THAT THE REQUESTED INJUNCTION IS IN THE PUBLIC INTEREST

As set forth above, in seeking a preliminary injunction, Plaintiffs must establish all three elements: (1) a clear or substantial likelihood of success on the merits, (2) irreparable harm in the absence of the relief sought, and (3) that the public interest weighs in favor of granting the injunction. *Id*. at 1944; *see Pope v. Cty. of Albany*, 687 F.3d at 570; *Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d at 143. Plaintiffs cannot establish the two, remaining elements required for a preliminary injunction.

Plaintiffs simply cannot establish that they will suffer irreparable harm if their requested injunction is not granted. In fact, their requested injunction would do nothing to prevent the harm they claim, which is based on the effect of certain existing state court orders. As discussed above, neither the Governor nor the Attorney General have any specific enforcement power with respect to the relevant provisions of New York's Election Law. Further, they clearly have no role with respect to the enforcement of the State court orders issued by Justice Walker.

As to whether the requested injunction would be in the public interest, to the extent the requested injunction would seek to have the Governor or the Attorney General step in and block the enforcement of the State court orders, such a result would run afoul of separation of powers and would be wholly contrary to the rule of law. As such, Plaintiffs cannot show that they will suffer irreparable harm if the Governor or the Attorney General are not enjoined nor that the requested injunction is in the public interest.

## III. THE COMPLAINT SHOULD BE DISMISSED AS AGAINST THE GOVERNOR AND THE ATTORNEY GENERAL

In addition to denying the requested preliminary injunction, Plaintiffs' claims against the Governor and the Attorney General should also be dismissed pursuant to Rule 12(b)(1) and

12(b)(6) on the grounds that neither is a proper party to this action and on the abstention grounds discussed above.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs application for a TRO, dismiss the Complaint as against them, and grant such other relief that the Court deems necessary and appropriate.

Dated: December 11, 2020
      New York, New York

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*

By: /s/ *Jane R. Goldberg*
Jane R. Goldberg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-6113
Email: Jane.Goldberg@ag.y.gov