# LAW OFFICE OF ALI NAJMI
## 261 MADISON AVENUE, 12ᵀᴴ FLOOR
## NEW YORK, NEW YORK 10016
## (212) 401-6222
## ALI@NAJMILAW.COM

December 11, 2020

Judge Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:** *Lori Maslow, et.al. v. Andrew Cuomo and Letitia James* **1:20-cv-05934-KAM-VMS**

Dear Judge Matsumoto:

  We represent a group of plaintiffs in two cases against the Kings County Democratic County Committee (KCDCC) in state court cases, where we have obtained permanent injunctive relief. As discussed below, this action appears to be a collateral attack on our state court injunctions, and we write to ask that the Court advise us how best to proceed – given the complexity and issues of comity here. While, if necessary, we would intervene, before we do so and overcomplicate the Court's docket and schedule, we want to ask if the Court has a particular view on how best to proceed – and make the suggestion that the Court *sua sponte* order Plaintiffs to show cause why the case should not be dismissed on abstention, standing, or necessary party grounds.

  In short, this case has two core problems: (1) it falls into core abstention territory (whether framed as *Rooker-Feldman*/Anti-Injunction Act or as *Colorado River*) and (2) either Plaintiffs lack an injury necessary for standing or they have failed to name necessary parties (those parties being my clients, who have the injunction Plaintiffs claim is causing

them injury) and their injury cannot be redressed without our presence in the case. Before the Court proceeds to the merits of Plaintiffs' request, given these jurisdictional and prudential defects, it may be best for the Court to ask Plaintiffs to show cause why the Court should not abstain (something the Court can do *sua sponte*). In the interest of explaining our thinking, we provide a brief discussion of these issues.

On the first issue,[1] *Rooker-Feldman* and the Anti-Injunction Act likely preclude any relief. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. 2283. While *Rooker-Feldman* has been cabined by the Supreme Court of late, it still applies in cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The heart of the doctrine is that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). Here, it is *exactly* that kind of "injur[y] caused by state court judgment[]" (544 U.S. at 283), and plaintiffs even candidly admitted to the state tribunal that they wanted to have this Court essentially sit over Judge Walker, and check his constitutional work: their

---

[1] In the *Stein* case, Plaintiffs essentially argued for something that might be called reverse abstention. That is, they claimed that – by filing their case before this court *after* the first injunction in *Ellington v. KCDCC* and after Judge Walker scheduled the hearing that lead to the latest injunction in *Stein v. KCDCC* – they had somehow "preserved" their claims in this matter "for exclusive determination by a federal court who has ordered that a hearing be held on December 15, 2020," citing Your Honor's scheduling Order. *See* Affirmation of Amy Marion, *Stein v. KCDCC*, Index No. 524201/2020 (Sup. Ct. Kings Cty. 2020), NYSCEF No. 16 at 2. Of course, state courts routinely adjudicate constitutional questions, and – at the risk of overreading Your Honor's Order – we suspect you did not intend to enjoin a State Court judge who already accepted jurisdiction over a particular question.

complaint focuses entirely on how state court judgements – or in Plaintiffs words "State application[s]" – somehow "amount to an impermissible State infringement upon Plaintiffs' First Amendment rights." Pla. Compl. ¶ 48. Plaintiffs seek no less than a declaration from this Court that a "State trial court's Order [is] unconstitutional" and an order "enjoining imposition of the State trial court's Order." Pla. Compl. at p. 20. That is just what the Anti-Injunction Act and *Rooker-Feldman* were created to prevent.

*Colorado River* also counsels in favor of abstention here, both as to the *Stein* case (where there was only a scheduling order at the time this matter was filed, placing it outside of *Rooker-Feldman*), and to the extent Plaintiffs suggest the judgment in *Ellington* is less than final.[2] *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Recent election matters across the country have involved consideration of abstention doctrines in the face of proliferating parallel state and federal litigation. "The abstention doctrine identified in Colorado River permits a federal court to abstain from exercising jurisdiction over a matter in deference to parallel state court proceedings." *King v. Whitmer*, No. 20-13134, 2020 U.S. Dist. LEXIS 228621, at *21 (E.D. Mich. Dec. 7, 2020), *citing Colorado River*, 424 U.S. at 813, 817. For example, in *King*, a district court in Michigan weighed the eight *Colorado River* factors and found that where "state court proceedings were filed well before the present matter and at least three of those matters are far more advanced than this case," and because "Congress conferred concurrent jurisdiction on state courts to adjudicate § 1983 claims," abstention was appropriate. *King*, 2020 U.S. Dist. LEXIS 228621, at *23-24. *See also, Bowyer v. Ducey,* No. CV-20-02321-PHX-DJH, 2020 U.S. Dist. LEXIS 231093, at *23 (D. Ariz. Dec. 9, 2020) (also noting that "abstention would

---

[2] If the judgment is less than final, Plaintiffs also have an exhaustion problem.

alleviate the necessity to consider whether this matter was filed in this Court as a form of forum shopping, especially considering that a number of other related state court lawsuits have already been disposed of").

On the second issue, Plaintiffs have framed their complaint as being about the injury worked by our (now multiple) injunctions against them. For convenience, we have attached both decisions by Judge Walker. The Attorney General has never, to our knowledge, enforced the provisions of the Election Law that Plaintiffs challenge. And, of course, under the Anti-Injunction Act, this Court cannot enter an order that Plaintiffs do not have "to comply with the aforesaid State trial court's Order." Pla. Compl. ¶ 56. Similarly, the "enforcement" of the Election Law Plaintiffs seek to enjoin is not enforcement brought by the Attorney General, but enforcement by a non-party to this suit. Given that neither the state court nor the party to the injunction has been joined to this suit, it is hard to see how either (1) any Defendant here has caused Plaintiffs an injury *or* (2) how any order of this Court could bind either the state court or the plaintiffs in *Ellington* or *Stein*. Without those parties, Plaintiffs both lack standing and are essentially seeking an academic, advisory opinion from this Court.

We thank the Court for its time, and ask its indulgence in this unusual request. The last minute nature of these rule changes, along with only being told about the existence of this case in an early morning filing the day of the hearing in front of Judge Walker in *Stein.* Given that the relief they seek violates well established doctrine, the goal here by Plaintiffs appears to have nothing to do with the merits of the claim. We stand ready to proceed however the Court prefers.

_____/s/_____
Ali Najmi, Esq.
261 Madison Avenue, 12th Floor
New York, New York 10016
T: (212) 401-6222
M: (718) 637-7707
ali@najmilaw.com

**VIA ECF TO ALL PARTIES**