UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORI S. MASLOW, in her capacity as Democratic State
Committee Female Member and Assembly District
Leader from the 41st Assembly District, as a member of
the Executive Committee of the Kings County
Democratic County Committee, and as a Female
Member of the Kings County Democratic County
Committee from the 18th Election District of the 41st
Assembly District; KINGS COUNTY DEMOCRATIC
COUNTY COMMITTEE; EXECUTIVE COMMITTEE
OF THE KINGS COUNTY DEMOCRATIC COUNTY
COMMITTEE; BENJAMIN C. STEINBERG, as a Male
Member of the Kings County Democratic County
Committee elected to such position for the 47th Election
District of the 41st Assembly District by the Executive
Committee of the Kings County Democratic County
Committee; MARJORIE COHEN, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 70th Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;
WILLA M. WILLIS JOHNSON, as a Female Member
of the Kings County Democratic County Committee
elected to such position for the 42nd Election District of
the 59th Assembly District by the Executive Committee
of the Kings County Democratic County Committee;

**REPLY
MEMORANDUM OF LAW**

DOCKET NO.: 05934-CV-
2020(KAM)(VMS)

                        Plaintiffs,

            -against-

ANDREW M. CUOMO, in his capacity as Governor of
the State of New York; and LETICIA JAMES, in her
capacity as Attorney General of the State of New York
New York State Attorney General, New York State
Board of Elections,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# Contents

TABLE OF AUTHORITIES ..................................................................................................... 3

PRELIMINARY STATEMENT ............................................................................................... 5

ARGUMENT ............................................................................................................................ 6

    I.        LIKELIHOOD OF SUCCESS ON THE MERITS ..................................................... 6

      A.     DEFENDANTS ARE PROPER PARTIES TO THIS ACTION ............................... 8

      B.     FEDERALISM AND COMITY ARE NOT THREATENED BY
            THIS COURT'S JURISDICTION .................................................................... 10

        i.    Pullman Abstention is Not Appropriate ..................................................... 11

        ii.   Application of Rooker-Feldman Doctrine is Not Appropriate ................................. 12

CONCLUSION ....................................................................................................................... 13

# Table of Authorities

**Cases**

*Ashby v. Polinsky,*
   328 F. App'x 20, 21 (2d Cir.2009) ................................................................................. 12

citing *Rodriguez ex rel. Rodriguez v. DeBuono,*
   175 F.3d 227, 233 (2d Cir.1999) .................................................................................... 8

*Citizens Against Rent Control v. Berkeley,*
   454 U.S. 290, 294–95 (1981) .......................................................................................... 7

*CSX Transp., Inc. v. New York State Office of Real Prop. Servs.,*
   306 F.3d 87, 98 (2d Cir.2002) ......................................................................................... 8

*District of Columbia Court of Appeals v. Feldman*,
   460 U.S. 462 (1983) ........................................................................................................ 5

*EH Fusion Party v. Suffolk Cty. Bd. of Elections*,
   401 F. Supp. 3d 376, 384 (E.D.N.Y.), *aff'd,* 783 F. App'x 50 (2d Cir. 2019) ..................... 11, 12

*Eu v. San Francisco Cty. Democratic Cent. Comm.,*
   489 U.S. 214 (1989) .................................................................................................... 5, 13

*Ex parte Young,*
   209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) ....................................................... 8, 9

*Green Party of New York State v. New York State Bd. of Elections*,
    389 F.3d 411, 418 (2d Cir. 2004) ............................................................................... 6, 7

*Gribbin v. New York State Unified Court Sys.,*
   No. 18CV6100PKCAKT, 2020 WL 1536324, at *3 (E.D.N.Y. March 31, 2020) ................... 12

*Growe v. Emison*,
   507 U.S. 25, 32 (1993) .................................................................................................. 12

*HealthNow N.Y., Inc. v. New York*,
    739 F.Supp.2d 286, 294 (W.D.N.Y.2010) .................................................................... 9

*Hoblock v. Albany Cty. Bd. of Elections,*
   422 F.3d 77, 85 (2d Cir. 2005) ..................................................................................... 13

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,*
   596 F.2d 70, 72 (2d Cir.1979) ........................................................................................ 6

*Kraham v. Lippman,*
   478 F.3d 502, 506 (2d Cir. 2007) ............................................................................... 5, 13

*Modica v. E. Sav. Bank, FSB*,
  No. 14-CV-1384 KAM, 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014) ........................... 12

*Nassau & Suffolk County Taxi Owners Association, Inc. v. State*,
   336 F.Supp.3d 50, 70 (E.D.N.Y., 2018) ................................................................... 10

*Rabinowitz v. New York*,
   329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) ............................................................. 13

*Railroad Comm'n of Texas. v. Pullman Co.*,
   312 U.S. 496, 499 (1941) ................................................................................ 5, 12

*Riley v. Comm'r of Fin. of City of New York*,
   618 F. App'x 16, 17 (2d Cir. 2015) ........................................................................ 13

*Rooker v. Fidelity Trust Co.,*
   263 U.S. 413 (1923) ............................................................................................... 5

*Tomczyk v. New York State Unified Court Sys.*,
   19-CV-2753, 2019 WL 2437849, at *4 (E.D.N.Y. June 10, 2019) ........................... 13

*Wang v. Pataki*,
   164 F. Supp. 2d 406, 411 (S.D.N.Y. 2001) ............................................................. 11

**Statutes**

CPLR § 1012(b)(1) ................................................................................................... 9

New York State Election L. § 16-106 ....................................................................... 10

New York State Election L. § 3-104(5)(b) .................................................................. 9

New York State Election L. § 3-107 ........................................................................... 9

New York State Election L. §2-112 ............................................................................ 5

New York State Election L. §2-118 ............................................................................ 5

New York State Executive L. § 70 ............................................................................ 10

New York State Executive L. § 71 .............................................................................. 9

## PRELIMINARY STATEMENT

New York State Election Law §2-112 and §2-118 impermissibly interfere with plaintiffs' First Amendment associational rights. As applied, the statute deprives the Kings County Democratic County Committee and its Executive Committee of substantial discretion to craft its own governance rules. The result is that the State of New York has determined how the plaintiff political party should function. "Statutes analyzed under strict scrutiny typically involve restrictions on the internal workings of political parties . . . ." *Kraham v. Lippman*, 478 F.3d 502, 506 (2d Cir. 2007), quoting *Fletcher v. Marino*, 882 F.2d 605, 615 (2d Cir. 1989) (internal quotation marks omitted).

Here, the State Court's application of New York State Election Law §2-112 and §2-118 to set aside rules promulgated by the Executive Committee of the Kings County Democratic County Committee ("KCDCC") dictate how KCDCC "operates" warranting a strict scrutiny analysis by this Court. *Id.* Applying such scrutiny, this Court should strike down the State Court's application of those statutes that have "dictated important aspects of [KCDCC's] . . . organization and composition", have explicitly dictated "how their leaders will be selected", and have "hampered the leaders' role within the party" in violation of the freedom of association guaranteed by the First Amendment. *Id.*, citing *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. 214 (1989).

Defendants' grasp at a dismissal should be rejected outright. Defendants are proper parties to this action and neither application of *Pullman* abstention nor the *Rooker-Feldman* doctrine is appropriate. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Railroad Comm'n of Texas. v. Pullman Co.*, 312 U.S. 496, 499 (1941); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

## ARGUMENT

"To obtain a preliminary injunction the moving party must show, first, irreparable injury, and, second, either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in the movant's favor." *Green Party of New York State v. New York State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir. 2004), citing *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam). Plaintiffs' motion for a preliminary injunction should be granted as they have met both standards by establishing a likelihood of success on the merits as well as sufficiently serious questions going to the merits and a balance of hardships decidedly tipped in their favor.

## I.      LIKELIHOOD OF SUCCESS ON THE MERITS

The action brought by Plaintiffs present this Court with a quintessential fact pattern that lies squarely within Supreme Court and Second Circuit holdings that require a strict scrutiny analysis as a result of a State Court invoking New York State Election Law to restrict the internal workings of KCDCC. Here both State Court orders have impermissibly dictated important aspects of KCDCC's organization and composition.

The State Court's October 27, 2020 order ("the October 27 Order") annulled KCDCC's internal rule amendment (the Article III §7 Amendment) "to the extent that it conflicts with Election Law § 2-112" and ordered KCDCC to conduct an organizational meeting within 45 days of service of Notice of Entry of the Order. *See* DE 1-5 at 19.

The State Court's December 10, 2020 order ("the December 10 Order") struck down the Executive Committee's internal rule amendment (Article II §3a Amendment) and declared the vacancies filled pursuant to that amendment "null and void and in violation of Election Law §2-118." (*See* Amended Complaint, Exhibit 5).

The Article III §7 Amendment addresses "Emergency Provisions during COVID-19 Pandemic" and provides that a meeting of the County Committee in which voting may occur shall not be convened via teleconference of video teleconference so that members of limited economic means and/or without access to the internet or smart phone technology are not disenfranchised. *See* Complaint (DE 1), ¶¶ 18-20. The rules contain sunset provisions for this Amendment when public gatherings in excess of 500 persons are permitted in the city of New York or upon "the public declaration that the COVID-19 pandemic has ended or the[re is] legal authorization for public meetings in excess of two thousand (2000) attendees to be convened within the city of New York." *Id.*

To allow for full participation at the organizational meeting ordered to take place by the State Court, on December 2, 2020, the Executive Committee of KCDCC amended KCDCC's rules to provide for the filling of vacancies in the membership of the County Committee existing prior to the time of the organizational meeting of the County Committee, by the Executive Committee, who then filled 2400 vacancies in the membership. ¶ 34.

The amendments passed by the Executive Committee of KCDCC concern important aspects of KCDCC's organization and composition and the State Court was not authorized to insert itself into the internal rulemaking of the party.

"The right of association guarantees individuals the right to join with like-minded individuals to accomplish a shared political objective that is protected by the First Amendment." *Green Party of New York State,* 389 F.3d at 411, 415, citing *Citizens Against Rent Control v. Berkeley,* 454 U.S. 290, 294–95 (1981). "The Constitution accords the same protection independently to associations as it does to individuals." *Id.* Here, Plaintiffs' rights are "subject to

severe restriction" and the State has not set forth any interest, let alone a compelling interest, to justify imposition and infringement of Plaintiffs' rights to associate and govern themselves. *Id*. Likelihood of success on the merits warrant the issuance of a restraining order and denial of Defendants' motion to dismiss.

Additionally, Plaintiffs' maintain that the status quo is that large gatherings in the city of New York are not permitted to occur and the rule amendments are in accord with that status quo. However, even if this Court is to determine otherwise, Plaintiffs have still met their burden, as there is a substantial likelihood of success as to Plaintiffs' claims. *Id.,* citing *Rodriguez ex rel. Rodriguez v. DeBuono,* 175 F.3d 227, 233 (2d Cir.1999) (per curiam).

"Finally, where a First Amendment right has been violated, the irreparable harm requirement for the issuance of a preliminary injunction has been satisfied." *Id.,* citing *Elrod v. Burns,* 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L.Ed.2d 547 (1976).

**A. DEFENDANTS ARE PROPER PARTIES TO THIS ACTION**

The doctrine of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) relied upon by defendants creates an exception to the general principle of sovereign immunity. It "allows a suit for injunctive [or declaratory] relief challenging the constitutionality of a state official's actions in enforcing state law." *CSX Transp., Inc. v. New York State Office of Real Prop. Servs.*, 306 F.3d 87, 98 (2d Cir.2002)  In assessing whether the *Ex parte Young* doctrine applies to avoid an Eleventh Amendment bar to suit, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *CSX Transp*., 306 F.3d at 98.  The injunctive or declaratory relief can properly be sought against state officers acting in their official capacities to prevent continuing violations of federal law. "However, to avoid the Eleventh

Amendment bar, the state officer against whom prospective relief is sought 'must have some connection with the enforcement of the act that is in continued violation of federal law. "For a state officer to be a proper party, both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty are needed." *HealthNow N.Y., Inc. v. New York*, 739 F.Supp.2d 286, 294 (W.D.N.Y.2010) *citing*, *Ex Parte Young*, 209 U.S. at 161. "The actual enforcement connection may be found either in the challenged statute itself or in the general laws of the state." *HealthNow* at 295.

Here, the New York State Board of Elections and the Attorney General of the State of New York are assigned responsibility for enforcement of the New York State Election Law in the statute itself. General enforcement authority of the election law is conferred upon the state board of elections pursuant to Election L. § 3-107. The Attorney General is also charged with enforcement in several respects that are relevant to the challenged statute. First, NY Election L. § 3-104(5)(b) gives the Chief Enforcement Counsel at the state board of elections authority to refer criminal violations of the New York State Election Law to the Attorney General to prosecute. Here plaintiff, the Executive Committee of the Kings County Democratic County Committee, has now been ordered by a New York State Supreme Court Justice to rigidly adhere to the unconstitutional state statute, the violation of which would subject the Executive Committee to criminal contempt by the Attorney General. Thus, the Attorney General is appropriately named a defendant in this action. Furthermore, New York State law requires that the Attorney General be provided statutory notice of any challenge to the constitutionality of the election law. The notice required by NY Exec. L. 71 and CPLR 1012(b)(1), is for the express purpose of permitting the Attorney General to intervene to support the statute's constitutionality. This explicit mandate is a

second instance where New York State law charges the Attorney General with enforcing the election, in this instance, by supporting its constitutionality.

The Attorney General is prescribed additional enforcement authority concerning the election law, including the authority to take charge of criminal prosecutions under the election law by NY Exec. L. § 70, and the authority to institute any proceeding allowed herein relating to the returns of canvass by inspectors upon the vote of any ballot proposal. NY Elec. § 16-106.

Finally, part of the state law that impermissibly interferes with the plaintiffs' associational rights is the Executive Order, which has now been held to mandate that the Kings County Democratic County Committee conduct a virtual organizational meeting that will disenfranchise many of the thousands of committeepersons who are not technically skilled.  Also, a virtual gathering of thousands of committeepersons will likely result in the absence of meaningful involvement by many committeepersons.   The Governor personally created Executive order 202.47, which is resulting in the violation of the committeepersons' constitutional rights of association.  See, *Nassau & Suffolk County Taxi Owners Association, Inc. v. State*, 336 F.Supp.3d 50, 70 (E.D.N.Y., 2018) (Where plaintiffs failed to allege that either Governor Cuomo or Commissioner Egan were in any way personally involved in the creation or passage of Article 44-B, dismissal was warranted.)

### B. FEDERALISM AND COMITY ARE NOT THREATENED BY THIS COURT'S JURISDICTION

Defendants' argument that principles of federalism and comity are at issue is incorrect because there will be no state court adjudication of the matters presented to this Court as the Executive Committee of the KCDCC and the individually named Plaintiffs were not parties named in either of the state court litigations.

Additionally, the State Court litigations concern challenges to KCDCC's rule amendments as conflicting with State law. A State appellate court will determine whether the rule amendments conflict with State law. Either determination, affirming or reversing the lower court, will in no way impact this action. The claims brought before this Court challenge the constitutionality of the State law because its application violates Plaintiffs' rights guaranteed by the First and Fourteenth Amendment. This challenge to the State Election Law is being brought because of the law's impermissible infringement upon Plaintiffs' right to associate and conduct their internal party affairs as they see fit, issues that were never raised nor presented in the State Court litigations. Therefore, Defendants' contention that State appellate review would obviate these Plaintiffs' constitutional issues, is inaccurate. *See* Defendants' Memorandum of Law at 10, citing *Wang v. Pataki*, 164 F. Supp. 2d 406, 411 (S.D.N.Y. 2001).

i.       *Pullman Abstention is Not Appropriate*

"[F]ederal courts and state courts often find themselves exercising concurrent jurisdiction over the same subject matter, and when that happens a federal court generally need neither abstain (*i.e.*, dismiss the case before it) nor defer to the state proceedings (*i.e.*, withhold action until the state proceedings have concluded)." *EH Fusion Party v. Suffolk Cty. Bd. of Elections*, 401 F. Supp. 3d 376, 384 (E.D.N.Y.), *aff'd,* 783 F. App'x 50 (2d Cir. 2019). Indeed, where "important federal rights . . . outweigh the interests underlying the *Pullman* doctrine," abstention is not appropriate.

As this Court has held,

> *Pullman* abstention is not appropriate here because there is not an unsettled matter of state law regarding the meaning or requirements of the election law. State court resolution would only moot the federal court as a matter of claim or issue preclusion, answering the same question this court has been asked to determine: whether the election law is constitutional.

*EH Fusion Party*, 401 F. Supp. 3d 376, 387, quoting *Growe v. Emison*, 507 U.S. 25, 32 (1993). "[D]eferral, causing a federal court to 'sta[y] its hands,' [is required] when a constitutional issue in the federal action will be mooted or presented in a different posture following conclusion of the state-court case." *Id.*, citing *Railroad Comm'n of Texas. v. Pullman Co.*, 312 U.S. 496, 501 (alteration in this Court's original). Circumstances which will not occur here as the constitutionality of the state statutes were not challenged in the State Court litigation.

Therefore, as this Court ruled in *EH Fusion Party*, application of *Pullman* abstention is not appropriate here. *See EH Fusion Party*, 401 F. Supp. 3d 376, 384.

> ii. Application of Rooker-Feldman Doctrine is Not Appropriate
>
> The Second Circuit has set forth four requirements for the application of *Rooker–Feldman:* (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain[ ] of injuries caused by [a] state-court judgment; (3) the plaintiff must invit[e] district court review and rejection of [that] judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Modica v. E. Sav. Bank, FSB*, No. 14-CV-1384 KAM, 2014 WL 1775553, at *2 (E.D.N.Y. May 2, 2014), quoting *Ashby v. Polinsky,* 328 F. App'x 20, 21 (2d Cir.2009) (summary order) (alterations in original) (internal quotations and citations omitted).

The individually named Plaintiffs and the Executive Committee of the KCDCC are not parties to either of the State court actions. The cases cited by Defendants are inapplicable as these Plaintiffs are not "state court losers" seeking to "recast" their claims as civil rights violations. *See, e.g. Gribbin v. New York State Unified Court Sys.,* No. 18CV6100PKCAKT, 2020 WL 1536324, at *3 (E.D.N.Y. March 31, 2020); *Tomczyk v. New York State Unified Court*

*Sys.*, 19-CV-2753, 2019 WL 2437849, at *4 (E.D.N.Y. June 10, 2019), quoting *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004).

Furthermore, these Plaintiffs are not asking "this Court to overturn the October 27 Order under the guise of allege violations of their federal constitutional rights" (Defendants' Memorandum of Law at 16), nor are Plaintiffs "complaining of injuries caused by the state-court judgment and inviting federal review and rejection of that judgment" (*Riley v. Comm'r of Fin. of City of New York*, 618 F. App'x 16, 17 (2d Cir. 2015), citing *Hoblock v. Albany Cty. Bd. of Elections,* 422 F.3d 77, 85 (2d Cir. 2005)).

As previously stated, the litigation in State Court does not challenge the constitutionality of the State statutes but merely calls upon the court to determine whether KCDCC's rule amendments conflict with State law. The issues raised here concern the impermissible intrusion into a political party's governance by applying the State statutes to dictate how the party "operates" and to intrude upon "important aspects of [its] . . . organization and composition" in violation of the freedom of association guaranteed by the First Amendment. *Kraham v. Lippman*, 478 F.3d at 506, citing *Eu v. San Francisco Cty. Democratic Cent. Comm.*, 489 U.S. at 214.

### CONCLUSION

For all the reasons stated herein and in Plaintiffs' complaint and motion and memorandum of law in support of an injunction, Plaintiffs' respectfully request that this Court grant a preliminary injunction pursuant to Federal Rules of Civil Procedure Rule 65 and deny Defendants' motion to dismiss the complaint.

Dated: December 14, 2020
      Lake Success, New York

Amy Marion
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf, & Carone, LLP,
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300