UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LORI S. MASLOW, in her capacity as Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, as a member of the Executive Committee of the Kings County Democratic County Committee, and as a Female Member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District; KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE; EXECUTIVE COMMITTEE OF THE KINGS COUNTY DEMOCRATIC COUNTY COMMITTEE; BENJAMIN C. STEINBERG, as a Male Member of the Kings County Democratic County Committee elected to such position for the 47th Election District of the 41st Assembly District by the Executive Committee of the Kings County Democratic County Committee; MARJORIE COHEN, as a Female Member of the Kings County Democratic County Committee elected to such position for the 70th Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee; WILLA M. WILLIS JOHNSON, as a Female Member of the Kings County Democratic County Committee elected to such position for the 42nd Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee;

**FIRST AMENDED COMPLAINT**

**DOCKET NO. 05934-cv-2020 (KAM)(VMS)**

Plaintiffs,

-against-

ANDREW M. CUOMO, in his capacity as Governor of the State of New York; and LETICIA JAMES, in her capacity as Attorney General of the State of New York New York State Attorney General, New York State Board of Elections,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs, by their attorneys, Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf, & Carone, LLP, allege as follows:

1

## NATURE OF THE ACTION

1. Plaintiffs bring this action under the First and Fourteenth Amendments to the United States Constitution because New York State Election Law, as applied, is unconstitutional and violates the rights of the Plaintiffs to determine the boundaries of their own association, the right to choose the structure which best allows them to pursue their political goals, restricts and limits their discretion in how to organize themselves, conduct their affairs, and select their officers, and infringes upon their right to free association.

2. The violations of Plaintiffs' rights are on-going and are properly characterized as prospective. Indeed, if the New York State Election Law statutes described herein are not struck down as unconstitutional, as applied, there will be continuing violations of Plaintiffs' freedom of association guaranteed by the First Amendment.

3. Plaintiffs are entitled to declaratory and injunctive relief to prevent the violation of rights and guarantees afforded them under the United States Constitution.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1343 over claims arising under the First and Fourteenth Amendments to the United States Constitution which seek to redress the deprivation, under color of state law, or rights, privileges and immunities secured by said Amendments. This Court also has jurisdiction pursuant 28 U.S.C. § 1331, as this action arises under the laws of the United States.

5. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has the authority to grant declaratory and injunctive relief.

6. All of the Plaintiffs reside or are located in the district of this Court and this Court has personal jurisdiction over Defendants, all of whom reside and conduct their official business in the State of New York.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims brought by Plaintiffs have occurred in this district and because the Plaintiffs reside or are located in the district.

## PARTIES

8. Plaintiff Lori S. Maslow is the Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, is a member of the Executive Committee of the Kings County Democratic County Committee and is a Female Member of the Kings County Democratic County Committee from the 18th Election District of the 41st Assembly District. As the Democratic State Committee Female Member and Assembly District Leader from the 41st Assembly District, Lori S. Maslow plays a substantial role in directing the internal workings of the Democratic Party in her Assembly District, such as (1) recruiting members to serve on the County Committee from within her Assembly District, (2) advocating Democratic Party positions to elected public officials, (3) endorsing candidates for President, United States Senator, City Council, State Assembly, State Senate, Representative in Congress, Civil Court Judge, and State Supreme Court Justice, (4) recruiting candidates for local public offices, (5) helping raise contributions for Democratic Party candidates, (6) urging young people to register to vote to enroll as Democrats, (7) engaging in activities of a charitable nature and persuading others to do so on behalf of the Democratic Party, such as the Toys for Tots initiative and assisting at the distribution of food to those who have lost jobs due to the Covid-19 pandemic, (8) helping maintain a Democratic Party clubhouse in her Assembly District, (9)

working together with her male counterpart member of the State Committee and Assembly District Leader, (10) recommending the appointment of Democratic Party representatives as poll workers at elections, (11) representing Democrats in her Assembly District at State Committee meetings, and (12) working together with the Kings County Democratic Party leadership, the other State Committee members and Assembly District Leaders, and County Committee members to perform all of the foregoing.

9. Plaintiff Kings County Democratic County Committee ("KCDCC") is a political organization that represents Democrats from every corner of the borough of Kings County in the City of New York, State of New York. The affairs of the Kings County Democratic Party are governed by the Rules for the Government of the Kings County Democratic County Committee.

10. Plaintiff Executive Committee of the Kings County Democratic County Committee ("Executive Committee") is a political committee which determines the affairs of the Kings County Democratic Party when the KCDCC is not in session. It is comprised of the two State Committee members (also known as Assembly District Leaders) elected from within each Assembly District in Kings County. Its creation is provided for in the Rules for the Government of the Kings County Democratic County Committee. The Executive Committee is a committee authorized to amend the Rules for the Government of the Kings County Democratic County Committee pursuant to Article X of said Rules.

11. Plaintiff Benjamin C. Steinberg is a Male Member of the Kings County Democratic County Committee elected to such position for the 47th Election District of the 41st Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

12. Plaintiff Marjorie Cohen is a Female Member of the Kings County Democratic County Committee elected to such position for the 70th Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

13. Plaintiff Willa M. Willis Johnson is a Female Member of the Kings County Democratic County Committee elected to such position for the 42nd Election District of the 59th Assembly District by the Executive Committee of the Kings County Democratic County Committee at the Executive Committee meeting on December 2, 2020.

14. Defendant Andrew M. Cuomo is the duly elected Governor of the State of New York and the Chief Executive of the State of New York charged with enforcement of the Laws of the State of New York and the Constitution of the State of New York, as well as the enforcement of rights and privileges guaranteed by the United States Constitution and guaranteed to the States and its citizens through the Fourteenth Amendment of the United States Constitution. Governor Cuomo was personally involved in the creation of Executive Order 202.47 which was interpreted to mandate that an organizational meeting must be held pursuant to New York State Election Law §2-112.

15. Defendant Leticia James is the Attorney General of the State of New York, the Chief legal officer of the State of New York charged with defending actions and proceedings brought against the State of New York and the Chief Executive of the State of New York. The Attorney General of the State of New York is assigned responsibility for enforcement of the New York State Election Law in the statute itself. The Attorney General is also charged with enforcement in several respects that are relevant to the challenged statute. New York State Election Law § 3-104(5)(b) gives the Chief Enforcement Counsel at the State Board of Elections

authority to refer criminal violations of the New York State Election Law to the Attorney General to prosecute. Moreover, the express purpose of New York Executive Law § 71 and New York State's CPLR 1012(b)(1) is to provide notice to the Attorney General to permit the Attorney General to intervene to support the statute's constitutionality. The Attorney General is authorized to institute any proceeding allowed relating to the returns of canvass by inspectors upon the vote of any ballot proposal. New York State Election Law § 16-106. The Attorney General is prescribed more general enforcement authority to take charge of criminal prosecutions under the election law by New York Executive Law § 70. If Plaintiffs herein fail to comply with the State Court's October 27, 2020 Order they can be held in contempt of court and prosecuted by the Attorney General pursuant to these aforementioned powers.

16. Defendant New York State Board of Elections is the State agency charged with enforcement of New York State Election Law and investigation of claims related to challenges to New York State Election Law. The Defendant New York State Board of Elections is assigned responsibility for enforcement of the New York State Election Law in the statute itself. General enforcement authority of the election law is conferred upon the State Board of Elections pursuant to Election Law § 3-107.

**FACTUAL BACKGROUND**

17. On March 12, 2020, Governor Andrew M. Cuomo issued the first of what would become many and numerous COVID-19 related Executive Orders which limit the number of individuals who could gather in one location.[1]

---

[1] Executive Order 202.1, issued on March 12, 2020 limited gathering or events that anticipated to be few than five hundred people to 50% occupancy and Executive Order 202.3, issued on March 16, 2020, which modified EO 202.1 to provide that "any large gathering or event . . . shall be cancelled or postponed if more than fifty persons are expected in attendance, at any location in New York State until further notice."

18. As a result of the Covid-19 pandemic and the Governor's Executive Orders ("EO's") which prevented the gathering of large bodies, KCDCC, through its Executive Committee acting on September 28, 2020, adopted an amendment to the Rules for the Government of the Kings County Democratic County Committee ("the Rules").

19. Article III of the Rules was amended to add a new section (§7) ("the Article III §7 Amendment") which addresses "Emergency Provisions during COVID-19 Pandemic" and provides that a meeting of the County Committee in which voting may occur shall not be convened via teleconference of video teleconference so that members of limited economic means and/or without access to the internet or smart phone technology are not disenfranchised. *See* Exhibit 1 (KCDCC Rules with Adopted Rule Amendments).

20. The rules contain sunset provisions for this Amendment when public gatherings in excess of 500 persons are permitted in the city of New York or upon "the public declaration that the COVID-19 pandemic has ended or the[re is] legal authorization for public meetings in excess of two thousand (2000) attendees to be convened within the city of New York."

21. On October 27, 2020, pursuant to an action commenced by individuals elected as members of KCDCC, the New York State Supreme Court for the County of Kings ("State trial court") issued an Order annulling § 7 of KCDCC's Rules Amendment "to the extent that it conflicts with Election Law § 2-112" and ordered KCDCC to conduct a virtual organizational meeting of the County Committee of the KCDCC within forty-five (45) days of service of a copy of the October 27 Order with notice of entry. *See* Exhibit 2, State trial court Order.[2]

22. The State trial court's October 27 Order mandates the occurrence of an option provided by the Chief Executive in EO 202.47 ("any party caucus, party meeting or party

---

[2] Although the State trial court caused the decision and Order to be filed twice (NYSCEF Doc. No. 29 and Doc. No. 30), and thus KCDCC filed two Notices of Entry, there is only one decision and Order.

convention held pursuant to the Election Law in the year two thousand twenty *may* be held by telephonic or video conferencing means . . . ."). *See* Exhibit 4 (EO 202.47) (emphasis added).

23. In Kings County, the County Committee roughly consists of 2,200 individuals[3] and its meetings have been regularly attended for decades by roughly 1,000 individuals.

24. KCDCC cannot hold a meeting, other than an in-person meeting, without disenfranchising a large proportion of its members who either do not have access to electronic equipment to access a virtual platform and/or do not have the knowledge and/or capability to use a virtual platform. Plaintiff Lori S. Maslow is an individual who would not be able to fully participate virtually due to her physical disabilities. *See* Affirmation of Lori S. Maslow attached and incorporated herein.

25. On November 3, 2020, KCDCC filed an application for a stay of the State trial court's Order with the New York State Supreme Court Appellate Division for the Second Department ("the State Appellate court") and on November 25, 2020, the State Appellate court denied KCDCC's motion for a stay. *See* Exhibit 3 (State Appellate court Order).

26. On December 2, 2020, the Executive Committee of KCDCC amended KCDCC's rules to provide for the filling of vacancies in the membership of the County Committee existing prior to the time of the organizational meeting of the County Committee, by the Executive Committee, who then filled 2400 vacancies in the membership.

27. On December 10, 2020, the State Court issued an order ("the December 10 Order") striking down the Executive Committee's internal rule amendment ("the Article II §3a Amendment") and declared the vacancies filled pursuant to that amendment "null and void and in violation of Election Law §2-118." *See* Exhibit 5

---

[3] *See* https://www.kingscountypolitics.com/bichotte-consolidates-grip-on-bklyn-dem-party/

28. The amendments passed by the Executive Committee of KCDCC concern important aspects of KCDCC's organization and composition and the State Court was not authorized to insert itself into the internal rulemaking of the party.

29. The affairs of the Kings County Democratic Party are governed by the Rules for the Government of the Kings County Democratic County Committee. They can be amended by either the County Committee or the Executive Committee. *See* Exhibit 1 at Article X.

30. KCDCC specifically informed the State court that it was not presenting nor raising any issue before the State court related to KCDCC's "structure[ing]" of its "internal party process" (*New York State Board of Election v. Lopez Torres*, 552 U.S. 196, 203 [2008]) or its "conduct of its internal party affairs" (*Seergy v. Kings Cty. Republican Cty. Comm.*, 459 F.2d 308, 314 [2d Cir. 1972]); and, it was not consenting to the State court's jurisdiction to determine matters not before it (*England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 [1964]).

## NEW YORK STATE ELECTION LAW STATUTES UNCONSTITUTIONAL AS APPLIED

31. New York State Election Law § 2-112 as applied mandates that KCDCC hold an organizational meeting and violates KCDCC's rights to make its own rules with regard to the holding of it organizational meeting.

32. New York State Election Law § 2-118 as applied prohibits KCDCC's from making rules for its own governance which provide for the Executive Committee's ability to make rules while the County Committee is not in session and which may, as in this case, provide for the filling of vacancies in the County Committee by the Executive Committee of KCDCC.

## COUNT I
## FIRST AND FOURTEENTH AMENDMENT VIOLATION

33. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs.

34. The freedom to associate with others for the common advancement of political beliefs and ideas is a form of orderly group activity that is protected by the First and Fourteenth Amendments. This right constitutes a basic constitutional freedom that is protected from federal encroachment under the First Amendment and is protected from State infringement under the Fourteenth Amendment.

35. New York State Election Law 2-112 is unconstitutional as applied to Plaintiffs.

36. New York State Election Law 2-118 is unconstitutional as applied to Plaintiffs.

37. Application of New York State Election Law 2-112 impermissibly infringes upon Plaintiffs' associational rights to govern its party's internal affairs.

38. Application of New York State Election Law 2-118 impermissibly infringes upon Plaintiffs' associational rights to govern its party's internal affairs.

39. No compelling State interest for the infringement upon Plaintiffs' can be shown.

40. Unless enjoined by order of this Court, Plaintiffs rights guaranteed by the First and Fourteenth Amendments to the United States Constitution will be violated.

## COUNT II
## PERMANENT INJUNCTION

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs.

42. Plaintiffs are entitled to a permanent injunction because it suffers and will continue to suffer irreparable injury as a result of impermissible infringement upon their Frist Amendment rights.

43. Violations of First and Fourteenth Amendment rights to associate, as have occurred here, and as are continuing unless the State statutes are declared unconstitutional as applied, are irreparable injuries for which Plaintiffs are entitled to injunctive relief.

44. No adequate remedy at law is adequate to compensate them for their injuries that are continuing and ongoing.

45. The balance of the hardships weighs heavily in Plaintiffs favor, warranting a remedy in equity. Indeed, the State cannot provide any interest, let alone a compelling interest, for impermissibly interfering with and dictating how a political party conducts its internal affairs.

46. The public interest would not be disserved by a permanent injunction. In fact, the public interest in upholding both individual and an association's First Amendment would be greatly served.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment from the Court:

a. Declaring that New York Election Law § 2-112 unconstitutional in so far as it violates the First and Fourteenth Amendment rights of Plaintiffs as applied;

b. Declaring that New York Election Law § 2-118 unconstitutional in so far as it violates the First and Fourteenth Amendment rights of Plaintiffs as applied;

c. Permanently enjoining the State from imposing and applying New York State's Election Law to interfere with the associational rights of Plaintiffs;

d. Retaining jurisdiction to render any and all further orders that this Court may deem appropriate; and

   e. Ordering such other relief that this Court may deem just and reasonable.

Dated: December 14, 2020

_____
Amy Marion
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf, & Carone, LLP,
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300