```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Lori S. Maslow, in her capacity as
Democratic State Committee Female
Member, etc., et al.                    **MEMORANDUM & ORDER**

            Plaintiffs,                 20-cv-5934 (KAM)

    - against –

Andrew M. Cuomo, in his capacity as
Governor of the State of New York;
and Letitia James, in her capacity as
Attorney General of the State of New
York; New York State Board of
Elections,
            Defendants.
----------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

On December 7, 2020, Lori S. Maslow, Benjamin C. Steinberg, Marjorie Cohen, Willa M. Willis Johnson, the Kings County Democratic County Committee ("KCDCC"), and the Executive Committee of the KCDCC (collectively "plaintiffs" or "KCDCC"), commenced this action by filing a complaint against Governor Andrew M. Cuomo and Attorney General Leticia James (collectively "defendants"). (ECF No. 1, Complaint.) Plaintiffs simultaneously filed a motion seeking a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, enjoining defendants from "the imposition of the State Court's application of New York Election Law § 2-112 . . . which resulted in the issuance of an Order requiring Plaintiffs to hold an organizational meeting on December 17,

1

2020." (ECF No. 2, First Motion for Temporary Restraining Order.) Plaintiffs also sought to enjoin defendants from enforcement of New York Election Law §§ 2-112 and 2-118 as applied to Plaintiffs. *Id*.

On December 11, 2020, defendants moved under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiffs' complaint, respectively, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (ECF No. 13, Motion to Dismiss.) On that same day, plaintiffs' counsel in the two related State Court cases, *Ellington, et al. v. Kings County Democratic County Committee* and *Stein, et al. v. Kings County Democratic County Committee* wrote to this court asking whether his clients should intervene in the federal court action. (ECF No. 16, Letter from David Stein.) Plaintiffs in this federal action filed their reply and an amended complaint[1] on December 14, 2020. (ECF No. 18, Reply; ECF No. 19, First Amended Complaint.) This court held a show cause hearing on December 15, 2020. For the reasons set forth below plaintiff's motion for injunctive relief is denied and

---

[1] In their amended complaint, plaintiffs added the New York State Board of Elections as a defendant. (ECF No. 19, First Amended Complaint.) This Order does not apply to the New York State Board of Elections as this court has not yet been informed as to whether this party has obtained representation. The amended complaint also references the State Court's December 10th Order in *Stein, et al. v. Kings County Democratic County Committee*. *Id*.

2

defendants' motion to dismiss Governor Cuomo and Ms. James is granted.

## BACKGROUND

Due to the COVID-19 pandemic, Governor Cuomo has issued several Executive Orders limiting in-person gatherings.[2] Specifically, on June 3, 2020, Governor Cuomo issued Executive Order 202.47:

> Notwithstanding any provision of law or a party's rules to the contrary, any party caucus, party meeting or party convention held pursuant to the Election Law in the year two thousand twenty may be held by telephonic or video conferencing means in whole or in part at the discretion of the chairperson calling such meeting; provided, however, that any required notice shall include instructions to participants as to how to access such video teleconference.

On September 29, 2020, the Executive Committee of the KCDCC amended Article III of the Rules for the Government of Kings County Democratic County Committee ("the Rules") by adding §7 which discussed the protocols for organizational meetings as a result of the COVID-19 pandemic:

> The Chair of the Executive Committee shall arrange for meetings of the County Committee to be held in physical settings located in Kings County, as then permitted by law, so that duly filed original proxies and withdrawals of voting

---

[2] On March 12, 2020, Governor Cuomo issued Executive Order 202.1 which mandated that "any gathering or event for which attendance is anticipated to be fewer than five hundred people, shall operate at no greater than fifty percent occupancy." This Order was modified on March 16, 2020 with Executive Order 202.3 which stated that "any large gathering or event . . . shall be cancelled or postponed if more than fifty persons are expected in attendance."

3

> authorizations, as provided herein, may be
> examined prior to or during the deliberations
> attendant to those meeting in addition to
> engaging in deliberative discourse and voting in
> an accountable and verifiable manner. The Chair
> shall not convene any meeting of the County
> Committee, in which the voting may occur, via
> teleconference or video teleconference to prevent
> the disenfranchisement of members of limited
> economic means and/or without access to the
> internet or smart phone technology.

KCDCC Rules, Art. 3, §7(D). The amendment clarified that the amendment itself "shall supercede the provisions of each and every rule set forth within these Rules and the corollary provisions of the Election Law . . .." *Id*. Lastly, §7(H) provided that "the members of the County Committee elected or deemed elected at the primary election held on June 23, 2020. . . be deemed seated and authorized to act as of the date of such organization or at midnight, October 7, 2020, whichever occurs first." *Id* at §7(H).

In response to the Executive Committee's amendment to the Rules, a group of elected members of the KCDCC, who had been elected on June 23, 2020, brought action in the Supreme Court of the State of New York, Kings County. *Ellington, et al. v. Kings County Democratic County Committee*, -N.Y.S.3d-, 2020 Slip Op. 20281 (Sup. Ct. Kings Cty. Oct. 27, 2020). The State Court *Ellington* plaintiffs sought injunctive and declaratory relief

claiming that §7 conflicted with Election Law §2-112(1)(b)[3] and was therefore null and void. *Id*.

On October 27, 2020, the Honorable Edgar G. Walker ordered that the KCDCC and its Executive Committee hold a virtual organizational meeting on or before December 17, 2020, stating that the "amendment conflicts with Election Law § 2-112(1)(b) in that its prohibition against holding meetings via video and teleconference effectively prevents KCDCCC from holding any committee meeting given the current COVID-19 related restrictions on large in-person gatherings." *Ellington, et al. v. Kings County Democratic County Committee*, -N.Y.S.3d-, 2020 Slip Op. 20281 (Sup. Ct. Kings Cty. Oct. 27, 2020) at 12. The *Ellington* defendants (plaintiffs in this action) appealed the October 27 Order and moved the Appellate Division to stay the enforcement of the *Ellington* order pending appeal. *Ellington, et al. v. Kings County Democratic County Committee,* Index No. 518630/2020 (N.Y. App. Div. 2d Dep't.) On November 25, 2020, the Second Department denied the motion to stay the enforcement of the order. *Id*.

On November 29, 2020, the Executive Committee amended Article II of the Rules by adding § 3a and § 5. "The proposed § 5 provision sought to create at large positions (four per

---

[3] N.Y. Elec. Law § 2-112(1)(b) requires party committees to hold an organizational meeting no earlier than September 17 and no later than October 1 following the June primary.

5

Assembly District) to be filled as vacancies by individuals without regard to how they identify on the gender spectrum and who are not required to declare a male or female sex designation (nonbinary)." *Stein, et al. v. Kings County Democratic County Committee,* Index No. 524201/2020 (Sup. Ct. Kings Cty. Dec. 11, 2020) at 3. Section 3a "authorized KCDCC's Executive Committee to directly appoint and fill all vacancies in the membership of the County Committee existing prior to the time at which an organizational meeting is held":

> §3 a. (a) Notwithstanding anything herein to the contrary in these Rules or in the Election Law, vacancies in the membership of the County Committee existing prior to the time of the organizational meeting of the County Committee shall be filled for the unexpired term by the Executive Committee. Nominations to fill such vacancies shall be made in writing by either of the following methods: (i) upon a majority vote of the Assembly District Committee in and for the Assembly District wherein such vacancy occurs, upon certification by the Chairperson and Secretary of the said Assembly District Committee, (ii) upon the written nomination of five members of the County Committee elected from Election Districts within the Assembly District wherein such vacancy occurs, or (iii) upon the written nomination of a State Committee member elected from the Assembly District wherein such vacancy occurs. Said written nominations shall be submitted to a person at a location and address, by a date and time certain, designated by the Chair of the Executive Committee.

In light of these amendments, the KCDCC Executive Committee elected 2,400 non-binary Democrats to fill vacancies in the KCDCC. (Compl. at 4.) On December 3, 2020, a group of

6

members of the KCDCC who were elected at the June 23, 2020 election, brought action in the Supreme Court of the State of New York, King County, claiming that the new amendments were in violation of Election Law §§ 2-112 and 2-118[4]. *Stein, et al. v. Kings County Democratic County Committee,* Index No. 524201/2020 (Sup. Ct. Kings Cty. Dec. 11, 2020). On December 10, 2020, Justice Walker granted the *Stein* plaintiffs declaratory relief stating that "any appointments made prior to the required virtual organizational County Committee meeting were null and void under the Election Law." *Stein, et al. v. Kings County Democratic County Committee,* Index No. 524201/2020 (Sup. Ct. Kings Cty. Dec. 11, 2020). Justice Walker found that the Rules of the Kings County Democratic Committee were in violation of the Election Law in that the Election Law required vacancies to

---

[4] Election Law §2-118(1) provides: "In the case of the death, declination, enrollment in another party, removal from the unit or removal from office of a member of a committee, or the failure to nominate or elect a member, the vacancy created thereby shall be filled by the remaining members of the committee by the selection of an enrolled voter of the party qualified for election from the unit of representation in which such vacancy shall have occurred. When a state committee fills a vacancy pursuant to this subdivision, the chairman or secretary of such committee shall, within ten days after such vacancy is filled, file a certificate with the state board of elections setting forth the name, address, and unit of representation of the person so selected." Section 2-118 (3) provides: "The county committee, upon its organization after the election of its members, or at any time thereafter, may determine that a vacancy or vacancies in such committee exists by reason of an increase in the number of election districts within the county occasioned by a change of the boundaries of one or more election districts, taking effect after such election, and may determine the districts that the elected members shall represent until the next election at which members of such committee are elected. A vacancy so determined to exist shall be filled as provided in subdivision one."

7

be filled by the members of the County Committee, not the Executive Committee. *Id*.

With the filing of their complaint, plaintiffs in this action moved for a preliminary injunction and temporary restraining order ("TRO") enjoining the *Ellington* and *Stein* State Court decisions. (*See generally* Compl.) The original complaint alleged that "the irreparable harm attendant with the State trial court's Order mandating an organization meeting to be held along with the enforcement of Election Law § 2-104 and § 2-118, as applied by the State and as the aforesaid Stein plaintiffs are looking to apply the state law, warrant the imposition of a Temporary Restraining Order to prevent irreparable harm." *Id*. at ¶74.

In their amended complaint and at the show-cause hearing, plaintiffs recast the language from the original complaint by withdrawing their request for a TRO and preliminary injunction enjoining the State Court orders in *Ellington* and *Stein*. See *generally* Transcript and ECF No. 19, Amended Complaint. The amended complaint focuses on the alleged unconstitutionality of the New York State Election Law. Specifically, the amended complaint alleges that "New York State Election Law § 2-112 as applied . . . violates KCDCC's rights to make its own rules with regard to the holding of it['s] organizational meeting" and that "New York State Election Law §

2-118 as applied prohibits KCDCC[] from making rules for its own governance." (ECF No. 19, Amended Complaint at ¶¶31-32.) In their amended complaint, plaintiffs no longer seek a TRO and preliminary injunction enjoining the State Court orders, but request declaratory relief and a permanent injunction enjoining the State from applying the New York Election Law, § 2-112 regarding the holding of KCDCC's organizational meeting, and § 2-118 regarding the filling of vacancies by the Executive Committee of the KCDCC. *Id*. at ¶¶31-46.

## DISCUSSION

A. Rules 12(b)(6) and 12(b)(1)

Defendants contend that "all claims against Governor Cuomo and Attorney General James should be dismissed as they are not proper parties to this action." (ECF No. 15, Memorandum in Support of Motion to Dismiss at 8.) When considering a motion to dismiss under Rule 12(b)(6), a district court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted). In considering a 12(b)(6) motion, the court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in

plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Tech.*, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1993) (clarifying that "reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of a document on a dismissal motion; mere notice of possession is not enough.") (emphasis in original).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id*.

Defendants also contend that plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113

10

(2d Cir. 2000). It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure,* 290 F.3d 493, 497 (2d Cir. 2002)). For purposes of Rule 12(b)(1), the court must construe all ambiguities and draw all inferences in the plaintiff's favor. *Id.* "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, as explained below, plaintiffs have failed to allege facts implicating defendants in the alleged harms and, therefore, the complaint must be dismissed.

B. Application

Plaintiffs assert that Governor Cuomo and Attorney General James are proper parties to this action. They erroneously contend that because a violation of the State Court order "would subject the Executive Committee to criminal contempt by the Attorney General," the Attorney General has been appropriately named. (ECF No. 18, Reply at 9.) Additionally, plaintiffs again erroneously argue that the Governor is a proper party because he issued an Executive Order allowing for virtual

meetings, which "result[ed] in the violation of committeepersons' constitutional rights of association." (ECF No. 18, Reply at 10.)

Defendants argued, both in their Motion to Dismiss and at the show-cause hearing, that plaintiffs have "made no showing whatsoever that either the Governor or the Attorney General are engaged in any conduct that could be the subject of a proper injunction under Rule 65 of the Federal Rules of Civil Procedure." (ECF No. 15, Memorandum in Support of Motion to Dismiss at 8). At the show-cause hearing, defendants reiterated that the Governor and the Attorney General "have no authority to nullify a state court order" and "neither one of them under separation of powers would have the authority to say . . . these orders are nullified . . . ." (Transcript at 19.) In response, plaintiffs contend that "the Attorney General would have enforcement authority and that's the predicate for [the] contention that the Attorney General is involved." *Id*. at 18. Defendants further clarified, however, that the Attorney General "has criminal enforcement [powers], not civil enforcement [powers]." *Id*. at 19. Defendants also argued that plaintiffs are not challenging the Governor's executive order. Rather, plaintiffs are challenging the elections laws, which makes both Governor Cuomo and Attorney General James improper parties. *Id*. at 44.

The court agrees with defendants. Plaintiffs have not convinced this court that defendants, Cuomo and James, are the proper parties. *Wade v. New York City Dep't of Educ*, No. 11 Civ. 05278(LGS), 2014 WL 941754, at *5 (S.D.N.Y. Mar. 10, 2014) (*citing Linder*, 263 F. Supp. 2d at 590) (dismissing claims because plaintiff failed to "include allegations against agents of the City of New York," as distinct from the BOE). The Plaintiffs' amended complaint clearly alleges that New York State Election Law §§ 2-112 and 2-118 are unconstitutional "as applied" to plaintiffs. (ECF No. 19, Amended Complaint at ¶¶ 31-32,35-36, 43.) Though plaintiffs argue that they are no longer asking the court to enjoin the State Court orders, the amended complaint essentially pleads in the prayer for relief that the court permanently enjoin the state from "imposing and applying New York State's Election Law to interfere with the associational rights of plaintiffs." (ECF No. 19, Amended Complaint, Prayer for Relief ¶ c.) Plaintiffs are not arguing that §§ 2-112 and 2-118 are facially unconstitutional. Rather, by arguing that the State should be enjoined from imposing and applying these sections, the plaintiffs are contending that the State Court has applied these statutes in such a way that infringes on plaintiffs' rights. As a remedy for this alleged harm, plaintiffs ask this court to enjoin the defendants from "imposing and applying" the State Court orders. Defendants are

not parties to the state court litigation and do not have the power to impose or apply said orders, nor reverse the State Court decisions. Therefore, the claims against Cuomo and James must be dismissed.

Defendants also contend that plaintiffs' claims should be dismissed due to lack of subject matter jurisdiction, citing to the *Rooker-Feldman* doctrine and *Pullman* abstention doctrine. (ECF No. 15, Memorandum in Support of Motion to Dismiss.) This court need not address those arguments, as defendants Cuomo and James are not the proper parties in this action. For the same reasons, the court will only briefly address plaintiffs' motion for a preliminary injunction against the improperly named defendants.

Although plaintiffs withdrew their motion to enjoin the State Court orders, they did not withdraw their motion to enjoin the Governor and the Attorney General from imposing and applying the Election Laws at issue in the State Court orders. "A party seeking a preliminary injunction must show '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (quoting *Citigroup Global Mkts., Inc. v.*

*VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)); Fed. R. Civ. P. 65(b)(1)(A).

Plaintiffs fail to demonstrate irreparable harm as required for preliminary injunctive relief. The Second Circuit has defined "irreparable harm" as "certain and imminent harm for which a monetary award does not adequately compensate," noting that "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003); see also *Kamerling*, 295 F.3d at 214 ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)). Because neither Cuomo nor James is a proper party in this litigation, issuing an injunction against them will do nothing to prevent the alleged harms. Neither the Governor nor the Attorney General has the authority to enforce or apply the State Court's orders, nor do they have the authority to invalidate the orders.

Accordingly, the defendants' motion to dismiss defendants Cuomo and James is granted and the plaintiffs' motion for a temporary restraining order and preliminary injunction against defendants, Cuomo and James, is denied. The plaintiffs'

15

counsel is respectfully ordered to serve a copy of this order on the New York State Board of Elections and note service on the docket within two business days of the date of this Memorandum and Order. **SO ORDERED.**

**Dated**: Brooklyn, New York
January 11, 2021

                                                  /s/
                                      KIYO A. MATSUMOTO
                                      United States District Judge
                                        Eastern District of New York